In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4160

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MILES MUSGRAVES,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:13-cr-30276 — **Michael J. Reagan**, *Chief Judge*.

ARGUED NOVEMBER 7, 2017 — DECIDED FEBRUARY 26, 2018

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. This is defendant Miles Musgraves' second appeal from his 2015 convictions and sentences on drug and firearm charges. He was first sentenced as a career offender to 240 months in prison. In Musgraves' first appeal, we reversed three of his five convictions and remanded for resentencing. On remand the district court found by a preponderance of the evidence that Musgraves engaged

in some of the acquitted conduct: drug distribution and possession of a firearm as a felon. The district court also found that, despite the reversed convictions, Musgraves was still a career offender. Upon resentencing, the court imposed the same sentence of 240 months.

In this appeal, Musgraves challenges the district court's findings that he committed the acquitted conduct and is a career offender. He also argues that imposing the same sentence on remand was substantively unreasonable. We affirm. The district court's factual findings on the acquitted conduct are supported by a preponderance of the evidence, which is sufficient for purposes of guideline sentencing. As for the career offender enhancement, even if the judge was wrong under the Guidelines, he made clear that any such error would have been harmless. Finally, Musgraves' sentence is not substantively unreasonable.

I.   *Factual & Procedural Background*

Our opinion in *United States v. Musgraves*, 831 F.3d 454 (7th Cir. 2016) (*Musgraves I*), recounts the facts in detail. We provide here only the facts relevant to the issues in this appeal. We start by describing what happened on November 17, 2013, the day of the acquitted conduct in dispute. We then summarize Musgraves' first appeal and resentencing before moving on to analyze Musgraves' arguments.

A.   *The November 17, 2013 Framing of Jesse Smith*

In 2012 and 2013, the police were investigating Musgraves for dealing drugs out of his home in Alton, Illinois. In July 2013, they had searched Musgraves' house and arrested him after discovering ammunition, which as a felon Musgraves

was not allowed to possess. See 18 U.S.C. § 922(g)(1). Musgraves quickly agreed to cooperate with police as an informant, so he was released from custody for the time being. His contact at the police department was Detective Kurtis McCray.

On November 17, 2013, Musgraves contacted McCray to report criminal activity. McCray was busy and told Musgraves to call 911. Someone—likely Musgraves—called 911 and told the operator that a man parked in front of Musgraves' house had a gun under the driver's seat and cocaine in the visor. When police arrived in front of Musgraves' house, they found a man named Jesse Smith passed out inside a car. They also found crack cocaine in Smith's pocket and powder cocaine in the visor. They did not find a gun. McCray sent a text to Musgraves saying that officers had found the drugs but no gun. Musgraves insisted that there was a gun, prompting McCray to obtain a warrant and to search the car a second time. During that search, officers moved the driver's seat forward and found a handgun that had been hidden under the seat.

McCray recalled that a few days earlier, Musgraves' brother Romell Stevens had told police about a gun that he had received in a drug sale and then given to Musgraves. McCray checked the serial number on the gun found in Smith's car and discovered that it matched a gun that a man named Donald Bock had reported stolen. McCray followed up by questioning Bock, who admitted that he had traded the gun to Stevens for drugs and falsely reported the gun stolen. Based on all of these suspicious circumstances, McCray inferred that Musgraves had planted the gun and drugs to frame Smith to win credit for cooperating as an informant.

Musgraves was charged with possessing a firearm and distributing drugs when he framed Smith on November 17, 2013.

B. *The 2015 Convictions and First Appeal*

In 2015 a jury convicted Musgraves on five charges: (1) using his home for drug-related purposes; (2) conspiring to distribute cocaine; (3) possessing ammunition as a felon; (4) possessing a firearm as a felon; and (5) distributing cocaine near a school. The convictions for possessing a firearm and distributing cocaine were both based on the November 17, 2013 framing of Smith. At sentencing, the district court determined that Musgraves was a career offender and sentenced him to 240 months, which was below the calculated Sentencing Guideline range.

Musgraves appealed, arguing (along with other points not relevant here) that there was insufficient evidence to support three of his convictions. We agreed and reversed the convictions for the two November 17 offenses and conspiracy to distribute cocaine. We vacated Musgraves' sentences on the remaining convictions and remanded for resentencing.

C. *Resentencing*

On remand, the district court imposed the same sentence of 240 months. The court found by a preponderance of the evidence that Musgraves had in fact distributed cocaine and possessed a firearm by placing both items in Smith's car on November 17, 2013. This acquitted conduct factored into the district court's analysis under 18 U.S.C. § 3553(a) and its decision to impose the same sentence on Musgraves.

The district court also found that Musgraves was a career offender. Musgraves objected to the enhancement, pointing out that it applied to him only if his conviction under 21

U.S.C. § 856 for using his home for drug-related purposes was a controlled substance offense under the Guidelines. Musgraves argued that it was not, but the district court disagreed. Nevertheless, the district court calculated the guideline range both with and without the career offender enhancement and chose a sentence between those two ranges. The district court explained that the career offender enhancement did not drive the sentencing decision and that 240 months was the appropriate sentence under 18 U.S.C. § 3553(a).

II. *Analysis*

In this appeal, Musgraves challenges his new sentence on three grounds. First, he argues that the November 17 acquitted conduct should not affect his sentence because the government did not prove it by a preponderance of the evidence. Second, he argues that his conviction for using his home for drug-related purposes is not a controlled substance offense sufficient to apply the career offender enhancement. Finally, he claims that his second, identical sentence is substantively unreasonable because he now has three fewer convictions and his sentence should reflect this change.

A. *Acquitted Conduct*

The district court did not err by considering the November 17 conduct despite our conclusion in Musgraves' first appeal that the evidence did not support the convictions beyond a reasonable doubt. A "verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997); see also 18 U.S.C. § 3661. That is what

happened here. After we reversed three convictions for evidence insufficient to prove guilt beyond a reasonable doubt, the district court found by a preponderance of the evidence that Musgraves committed two of them: distributing cocaine and possessing a firearm on November 17, 2013.

As Musgraves points out, we said in his first appeal that "there is no evidence supporting an inference" that Musgraves possessed the gun found in Smith's car. *Musgraves I*, 831 F.3d at 467. We also stated that the evidence of the drug charge was even weaker. *Id.* at 468. Musgraves uses that language to argue there was insufficient evidence to support the court's factual findings at sentencing, too.

Our language was not as precise as it should have been, but the first appeal does not control the outcome here. In that appeal, we addressed only whether the government had proven the framing conduct beyond a reasonable doubt. In this appeal, the issue is whether the district court committed clear error when it found by a preponderance of the evidence that Musgraves engaged in those actions. See *United States v. Ranjel*, 872 F.3d 815, 818 (7th Cir. 2017) ("We will not disturb a sentencing court's factual findings unless they are clearly erroneous."). There was sufficient evidence to support these findings by a preponderance of the evidence.

To start, there was evidence tying Musgraves to the gun and cocaine. The gun found in Smith's car matched the one Stevens testified he had given to Musgraves and four witnesses identified Musgraves as the source of Stevens' drug supply. Whoever called 911 to report Smith knew exactly where the items were in the car. The evidence pointed toward Musgraves as the caller. Right before the 911 call, Musgraves sent a text to McCray, who told him to call 911. The 911 caller

referred to "Big Chief," which was Musgraves' code name for McCray. And after McCray told Musgraves that officers did not find a gun, Musgraves insisted that McCray search again.

Musgraves also had a motive and opportunity to plant the contraband. In the weeks before November 17, Detective McCray had been pressuring Musgraves to provide tips as an informant or face prosecution. Smith testified that he spent the late hours of the night drunk at Musgraves' house and then passed out in his car out front. Smith testified that he had never seen the gun before, and McCray testified that it would have been difficult for Smith to stash the gun under the seat from where Smith had passed out. Musgraves therefore had reason to frame Smith and an opportunity to do so. We continue to view this evidence as insufficient to prove Musgraves guilty beyond a reasonable doubt, but that question is close enough that the district court did not clearly err when it found by a preponderance of the evidence that Musgraves planted a gun and cocaine in Smith's car.

B. *Career Offender Guideline*

Next, Musgraves challenges the finding that he qualified as a career offender under the Sentencing Guidelines. For the career offender enhancement to apply, Musgraves must have two prior convictions that qualify as predicates and one current offense of conviction that qualifies as a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). We affirmed in Musgraves' first appeal that he has two qualifying prior convictions. *Musgraves I*, 831 F.3d at 468–69. The question, then, is whether his current conviction under 21 U.S.C. § 856 for using his house for drug-related purposes qualifies as a controlled substance offense.

Controlled substance offenses are crimes that prohibit "the manufacture, import, export, distribution, or dispensing of a controlled substance," but not just personal use of a controlled substance. U.S.S.G. § 4B1.2(b). Musgraves argues that we should apply the so-called "categorical approach" to decide whether a violation of § 856 qualifies as a controlled substance offense. Under the categorical approach, we would consider only the statutory elements—not Musgraves' actual conduct—to determine whether his conviction meets this definition. See *Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Sonnenberg*, 628 F.3d 361, 363–64 (7th Cir. 2010) (applying categorical approach to career offender enhancement). Musgraves points out that statutes prohibiting drug *use* are not controlled substance offenses under the guideline definition. Since § 856 prohibits maintaining a place "for the purpose of manufacturing, distributing, *or using* any controlled substance." 21 U.S.C. § 856(a)(1) (emphasis added), a violation of § 856 does not qualify, at least categorically, as a controlled substance offense. At sentencing, the district court did not apply the categorical approach. The court instead found by a preponderance of the evidence that Musgraves distributed drugs from his house, and so applied the enhancement.

This question typically arises in the context of prior convictions, which must also be crimes of violence or controlled substance offenses to qualify as predicates for the career offender enhancement. Musgraves argues that the categorical framework controls questions about the current offense of conviction, too. This appears to be a question of first impression in this circuit, though we have taken Musgraves' approach in passing, without comment. See *United States v. Pat-*

*terson*, 576 F.3d 431, 439 (7th Cir. 2009) (using categorical approach without discussing its applicability to classify instant offense of conviction under the Guidelines). [1]

We need not decide this question. Even if the district court improperly considered Musgraves' actual conduct when applying the guideline enhancement, the error would have been harmless. The record shows that any such error "did not affect the district court's selection of the sentence imposed." See *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009), quoting *Williams v. United States*, 503 U.S. 193, 203 (1992).

When a district judge states that a guideline enhancement did not affect the sentence and provides an alternative basis for the sentence imposed, then any error applying the enhancement may well be harmless. See, e.g., *United States v. Hill*, 645 F.3d 900, 912–13 (7th Cir. 2011); *Abbas*, 560 F.3d at 667. In this case, the district judge made clear on the record that he would have exercised his discretion to impose the 240-month sentence regardless of whether Musgraves technically qualified as a career offender under the Guidelines. That is an understandable and reasonable approach to many guideline issues. See *United States v. Marks*, 864 F.3d 575, 582 (7th Cir. 2017) (encouraging sentencing judges confronting difficult but technical questions under Guidelines to ask why judge or

---

[1] Our colleagues in other circuits disagree on this issue. Compare *United States v. Stoker*, 706 F.3d 643, 649 (5th. Cir. 2013) (applying categorical approach to instant offenses of conviction), and *United States v. Johnson*, 953 F.2d 110, 113 (4th Cir. 1991) (same), with *United States v. Williams*, 690 F.3d 1056, 1069 (8th Cir. 2012) (allowing conduct-specific inquiry), and *United States v. Riggans*, 254 F.3d 1200, 1204 (10th Cir. 2001) (same).

anyone else should care about the answers, and to exercise discretion under § 3553(a)).

The categorical approach used to classify prior convictions for purposes of the career criminal Guidelines often invites this approach. The categorical approach can seem "artificial and abstract," for it becomes easy to lose sight of the defendant's actual conduct and culpability and to focus instead on hypothetical possibilities for how the offense of conviction might have been committed. See, e.g., *Sonnenberg*, 628 F.3d at 367. Regardless of the proper method for applying the Guideline, under 18 U.S.C. § 3553(a) the district judge was entitled to consider Musgraves' actual conduct. See *id.* at 367–68 (explaining that sentencing judge need not apply categorical approach in exercising judgment under § 3553(a) but could consider defendant's actual conduct). At the resentencing in this case, the district judge calculated the guideline range with and without the enhancement, chose a sentence in between the two ranges, and then stated that he "still would have sentenced this defendant to the 240 months" without the enhancement. App. at 50. The court added that 240 months was the proper sentence for Musgraves' conduct given the circumstances and in light of the § 3553(a) factors, which the judge discussed in depth. Any guideline error would have been harmless.

C.  *Substantive Reasonableness*

The final question is whether Musgraves' sentence is substantively unreasonable. He argues that because we reversed three of his convictions, imposing the same sentence on remand was unreasonable. Our decision to reverse some of Musgraves' convictions changed the advice that the Guide-

lines gave, but it did not make the same sentence presumptively unreasonable. See *United States v. McGuire*, 835 F.3d 756, 761 (7th Cir. 2016) (Hamilton, J., concurring); *Gall v. United States*, 552 U.S. 38, 51–52 (2007) (disfavoring presumptions of unreasonableness and requiring appellate courts to review sentences for abuse of discretion). The Guidelines are an advisory starting point for a judge, but after correctly calculating a guideline range, the judge has discretion to select an appropriate sentence for the individual defendant and the surrounding circumstances. *Gall*, 552 U.S. at 51–52; see also *Abbas*, 560 F.3d at 667.

Because we do not reach the merits of the career offender question, we compare Musgraves' sentence to the guideline range both with and without that enhancement. With the career offender enhancement, the Guidelines recommended a sentence of 262 to 327 months. Without the enhancement, the Guidelines recommended range was 84 to 105 months. Musgraves received a sentence of 240 months. Even if we assume that the 240-month sentence was an upward departure from the proper guideline range, we "will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *United States v. Stinefast*, 724 F.3d 925, 932 (7th Cir. 2013), quoting *Taylor*, 701 F.3d at 1174.

The district court adequately explained its sentencing decision here. The court reviewed the § 3553(a) factors at length and explained why the guideline range (without the career criminal enhancement) did not adequately reflect the seriousness of Musgraves' conduct. See *Taylor*, 701 F.3d at 1175 (upholding above-range sentence when district court explained

why Guidelines did not reflect seriousness of offense). Musgraves' willingness to frame Smith and to expose him to up to 30 years in prison is egregious conduct not reflected in the guideline calculations. The district court also considered prior convictions that, due to their age, did not affect Musgraves' criminal history points. The court found that the prior convictions showed a pattern of gun possession and drug dealing that continued to the present case. That pattern, combined with Musgraves' lack of verifiable employment history at age 44, caused the court to conclude that Musgraves was likely to offend again. Finally, the court found that a higher sentence was warranted because Musgraves had sold drugs in front of his girlfriend's children and next to a school. From this, the court concluded that 240 months was the appropriate sentence. The decision was not an abuse of discretion, and the sentence is not unreasonable.

The judgment of the district court is

AFFIRMED.