NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020
Decided January 8, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1498

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 17-CR-30150-MJR |
| | |
| SUNTEZ PASLEY, | Michael J. Reagan, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Suntez Pasley pleaded guilty to one count of bank robbery, *see* 18 U.S.C.
§ 2113(a), and was sentenced above the guidelines range to 210 months' imprisonment.
Pasley now appeals his sentence, but his appointed counsel argues that the appeal is
frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967).
Counsel's brief explains the nature of the case and addresses potential issues that we
might expect an appeal of this kind to involve, so we limit our review to the subjects
that he discusses and to the additional arguments that Pasley raises in his Circuit Rule
51(b) response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that he discussed with Pasley the possible disadvantages
associated with challenging his plea and that Pasley wishes to challenge only his

sentence on appeal. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But Pasley asserts in his Rule 51(b) response that his plea was involuntary. Pasley argues that the court violated Federal Rule of Criminal Procedure 11(c)(1) by pressuring him to plead guilty in words that he recalls as these: "You do understand that if you don't take the offered plea deal, I could sentence you to more time don't you?" But our review of the adequacy of the plea colloquy—which we would review for plain error, *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007)—confirms that such a challenge would be frivolous: Not only does the transcript of Pasley's change of plea hearing reflect no such question asked by the district court, but the transcript shows that the court engaged in a thorough Rule 11 colloquy. The district court, in fact, asked Pasley if anyone had "used any pressure, force, duress" to get him to plead guilty or to agree to and sign the stipulation of facts. Pasley replied, "No." The court also explained the nature of the charge; the potential penalties; and the statutory maximum of 20 years Pasley could receive, even though the probation office assessed his guideline range at 151–188 months. When asked if he understood that he could receive up to 20 years on his "worst day," Pasley said, "Yes, I do." The court finally explained the trial and appellate rights Pasley was waiving by entering a plea of guilty. Because the plea colloquy reflects that the court substantially complied with Rule 11, any challenge to the voluntariness of Pasley's plea would be frivolous.

Counsel does consider whether Pasley could challenge his classification as a career offender under U.S.S.G. § 4B1.1, but properly concludes that this challenge would be frivolous. A defendant convicted of a crime of violence is a career offender if he has at least two prior felony convictions for a crime of violence. U.S.S.G. § 4B1.1(a)(3). Here, Pasley was convicted of bank robbery, 18 U.S.C. § 2113(a), and U.S.S.G. § 4B1.2(a)(2) specifically provides that "robbery" is covered by the term "crime of violence" to "mean any offense under federal or state law, punishable by imprisonment for a term exceeding one year." *See United States v. Campbell*, 865 F.3d 853, 855 (7th Cir. 2017). Pasley had at least two qualifying predicate offenses—two prior Illinois robbery convictions under 720 ILCS 5/18-1(a), *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992) (Illinois robbery is a "crime of violence" pursuant to U.S.S.G. § 4B1.2), as well as a prior Illinois aggravated robbery conviction under 720 ILCS 5/18-1(b)(1). *United States v. Chagoya-Morales*, 859 F.3d 411, 421–22 (7th Cir. 2017).

Counsel next considers whether Pasley could challenge the district court's calculation of the guidelines range and rightly concludes that such a challenge would be frivolous. The court properly assessed a guidelines range of 151–188 months based on a total offense level of 29 and a criminal history category of VI. First, the court adopted

the PSR, which correctly assessed Pasley's base offense level at 20, *see* U.S.S.G. § 2B3.1(a), adding two levels for taking the property of a financial institution, *id.* § 2B3.1(b)(1), and two more levels for threatening the life of a bank teller, *id.* § 2B3.1(b)(2)(F), to reach an offense level subtotal of 24. Because he had at least two prior felony convictions of a crime of violence, the Career Offender guideline applied, and his offense level reached 32. *See id*. § 4B1.1(a); *id*. § 4B1.1(b)(3); 18 U.S.C. § 2113(a). After deducting three levels for accepting responsibility, *id.* § 3E1.1(a), (b), the court properly adopted a total offense level of 29. The court also correctly assessed Pasley's criminal history category at VI based on seven felony convictions from ages 34 to 39 (each resulting in over one year and one month of imprisonment), U.S.S.G. § 4A1.1(a), a conviction resulting in one year of imprisonment, *id.* § 4A1.1(b), and his commission of the instant offense while on parole. *See id*. § 4A1.1(d).

Counsel also considers whether Pasley could argue that the district court failed to consider adequately counsel's arguments in mitigation but correctly decides that doing so would be frivolous. At the sentencing hearing, the district court addressed these arguments by expressly acknowledging Pasley's past exposure to drugs, violence, and negative influences during his childhood; the court also noted Pasley's drug and alcohol abuse and his mental-health issues.

Next, counsel rightly decides against arguing that Pasley's above-guidelines sentence of 210 months was unreasonable. We will uphold an above-guidelines sentence if the district court offers an adequate statement of reasons, consistent with the 18 U.S.C. § 3553(a) factors, and explains why the guidelines range does not reflect the seriousness of the defendant's conduct. *See United States v. Musgraves*, 883 F.3d 709, 716 (7th Cir. 2018). The court here was "most concerned" about Pasley's "horrendous" criminal history, which included many incidents of "actual violence or threats of violence." The court appropriately justified an above-guidelines sentence as necessary to address Pasley's high likelihood of recidivating. The court also reasonably rejected a within-guidelines sentence as insufficient to account for all four of Pasley's crimes of violence—two more than required under the Career Offender guideline. *See Musgraves*, 883 F.3d at 716; *United States v. McKinney*, 543 F.3d 911, 914 (7th Cir. 2008).

Counsel also contemplates challenging the three-year term of supervised release, but rightly concludes that doing so would be frivolous. The court sentenced Pasley to a within-guidelines supervised-release term that is presumptively reasonable, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014), and Pasley offers nothing to rebut that presumption. Moreover, Pasley waived any objections to his supervised-release

conditions when he told the district court that he had read and understood the PSR (including the proposed supervised-release conditions) and had no further objections. *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016).

In his Rule 51(b) response, Pasley contends that the government breached the "plea agreement" by asking the court to impose the statutory maximum of 20 years—a term above the sentence of 151–188 months recommended by the probation office. This contention is frivolous: He pleaded guilty without any agreement with the government. Indeed, the government filed its sentencing memorandum seeking a maximum sentence even before Pasley pleaded guilty. At his change-of-plea hearing, Pasley acknowledged that he could receive a 20-year maximum prison term. Even if Pasley expected a lesser sentence, we take as truthful his assertions that he was aware of the potential ramifications of his plea. *See United States v. Gilliam*, 255 F.3d 428, 433 (7th Cir. 2001); *see also United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008).

Pasley also argues that the district court sentenced him "vindictive[ly]" and "egregious[ly]" when it justified a long sentence based on the need to deter and punish him. That argument is frivolous: The district court merely applied the 18 U.S.C. § 3553(a) factors to provide "just punishment for the offense," *id.* § 3553(a)(2)(A), and "adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B).

We GRANT counsel's motion to withdraw and DISMISS the appeal.