NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020
Decided October 23, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1308

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:19-CR-30043-SMY-1 |
| CHRISTOPHER E. BRANCH, *Defendant-Appellant.* | Staci M. Yandle, *Judge.* |

## O R D E R

Christopher Branch pleaded guilty to possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). The district court sentenced him to 60 months' imprisonment, which was 14 months over the applicable guidelines range, followed by three years of supervised release. Branch appealed, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, and Branch has not responded to his motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Branch pleaded guilty to possessing a firearm as a felon after he displayed a handgun tucked into his jeans at an auto shop during a dispute over repairs to his car. At that time, Branch had three felony convictions, including two for possessing a firearm as a felon. The presentence investigation report calculated a guidelines range of 37 to 46 months in prison, which the parties accepted without objection. As part of Branch's plea agreement, the parties agreed to recommend a within-guidelines sentence of 42 months. After receiving this recommendation, the court considered the circumstances of the offense—including the fact that Branch did not merely possess a gun but brandished it threateningly—and his prior firearm convictions. Viewing these circumstances as seriously aggravating factors, the court sentenced Branch to an above-guidelines prison term of 60 months.

Counsel states that, after he consulted with Branch about the risks and benefits of withdrawing his guilty plea, Branch confirmed that he wished to challenge only the length of his sentence. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Branch could argue that the district court erred in calculating the guidelines range and appropriately concludes that any such argument would be frivolous. As counsel notes, Branch did not dispute any of the facts in the PSR, nor does the record contain any basis for doing so. The district court correctly determined that Branch's base offense level was 20 because he possessed a semiautomatic firearm capable of accepting a large-capacity magazine. *See* U.S.S.G. § 2K2.1(a)(4)(B)(i)(I). It then properly applied a three-level reduction because Branch accepted responsibility. *See* U.S.S.G. § 3E1.1. The district court also rightly placed Branch in criminal history category IV based on his three prior felony convictions. *See* U.S.S.G. §§ 4A1.1(a), 5A. Thus, Branch has no basis to challenge the guidelines determination.

We also agree with counsel that any challenge to Branch's sentence as substantively unreasonable would be futile. We review the substantive reasonableness of a sentence for abuse of discretion, *United States v. Bridgewater*, 950 F.3d 928, 934 (7th Cir. 2020), and we "will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *United States v. Musgraves*, 883 F.3d 709, 716 (7th Cir. 2018).

Here, the district court amply explained that the guidelines range did not account adequately for the aggravating circumstances of the crime: Branch did not just possess a gun but displayed it to intimidate a mechanic. And his criminal history included not merely three convictions, but two that were identical to his new one, plus violations of the terms of his supervised release, thus demonstrating a lack of respect for the law. The court considered Branch's main mitigating arguments that he had a difficult upbringing and young children to support. But it reasonably explained that, in light of the aggravating factors, an above-guidelines sentence was needed to serve the purposes of sentencing under 18 U.S.C. § 3553(a), including specific deterrence, promoting respect for the law, and protecting the public. Given the court's thorough account of its reasons for its sentence, and its accord with the sentencing statute, any challenge to the substantive reasonableness of Branch's sentence would be frivolous.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.