**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 12, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2702

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-CR-30276-NJR-1 |
| MILES MUSGRAVES, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Miles Musgraves, a federal inmate with various medical conditions, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the COVID-19 pandemic and alleged errors in the investigation leading to his criminal conviction and in his sentence. The district court denied his request, concluding that he had failed to show "compelling reasons" and that he would pose a threat to the public if released. The district court did not abuse its discretion in denying the motion, so we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Musgraves was charged with five drug- and firearm-related offenses after police officers found cash and ammunition during a search of his home. A jury found him guilty on all five counts, and the district court sentenced him as a career offender, *see* U.S.S.G. § 4B1.1(a), to 240 months in prison. On appeal, we affirmed the validity of the search warrant but vacated three of the convictions based on insufficient evidence. *United States v. Musgraves*, 831 F.3d 454 (7th Cir. 2016). We remanded for resentencing on the remaining two convictions—for possessing ammunition as a felon, 18 U.S.C. § 922(g)(1), and using his home for drug-related purposes, 21 U.S.C. §§ 860; 856(a)(1), (b). After receiving the same sentence on remand, Musgraves appealed his career-offender designation. We rejected his argument, explaining that any error was harmless because the district court had stated that it would impose the same sentence even if § 4B1.1(a) did not apply. *United States v. Musgraves*, 883 F.3d 709, 715 (7th Cir. 2018).

Musgraves has continued to attack his conviction since then. In a motion under 28 U.S.C. § 2255, he asserted (among other things) that the search warrant leading to his arrest was invalid because it was based on information from an unreliable informant. He later submitted an affidavit from the informant, swearing that he never saw Musgraves sell drugs, and one from the informant's mother, attesting that her son gave false testimony after the police threatened him. The district court dismissed this challenge as both procedurally defaulted and without merit, and it denied Musgraves's multiple attempts at reconsideration. His appeal from those rulings is pending. *Musgraves v. United States*, No. 19-CV-00548-NJR, 2020 WL 5848488 (S.D. Ill. May 15, 2020), *appeal docketed*, No. 20-3098 (7th Cir. Oct. 27, 2020).

In May 2020, Musgraves filed the motion for compassionate release at issue here. *See* § 3582(c)(1)(A)(i). Across five pro se filings, he asserted that his hypertension, hyperlipidemia, and arthritis placed him at an elevated risk of COVID-19 in light of numerous cases at his prison (the low-security Federal Correctional Institution in Forest City, Arkansas). He also argued that his imprisonment was unjust: Attaching the affidavits from his collateral attack, he again suggested that the search warrant leading to his arrest was invalid and that his designation as a career offender was erroneous.

The district court denied his motion. First, it reasoned that though his health conditions could increase his susceptibility to the virus, medical records showed that they were stable and not especially severe. The court also explained that Musgraves's issue with the search warrant was not a basis for compassionate release. He had raised the issue, unsuccessfully, on direct appeal and in his § 2255 motion, so he could obtain further review only with permission to bring a successive collateral attack. It further

determined that releasing Musgraves would present a danger to the community; his extensive criminal history showed a pattern of violence and reoffending.

On appeal, Musgraves raises no arguments about his health risks or the COVID-19 pandemic. He primarily contends that the district court abused its discretion when it determined that his challenge to the probable-cause determination would be successive and declined to consider that argument as grounds for compassionate release. He insists that he is not seeking to vacate his convictions but to use new evidence of injustice to establish an extraordinary and compelling reason for his early release.

But the district court reasonably concluded that the allegedly unjust criminal investigation (based on the informant's recanted testimony) was not "a basis" for compassionate release. Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction. *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). Although Musgraves characterizes his argument about his search warrant as grounds for compassionate release—he asserts that justice requires his release even if his conviction stands—new evidence challenging the search that yielded the evidence against him plainly speaks to the validity of his conviction. And the correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255 or, in rare circumstances, 28 U.S.C. § 2241. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Moreover, the court prudently declined to address once more an argument it had only just rejected and that is before this court in a separate appeal.

Musgraves also argues, very briefly, that the district court failed to address his argument about the validity of his designation as a career offender. But the argument required no answer. Musgraves previously challenged his sentence on this ground, and we explained that any error in deeming him a career offender was harmless because "the district judge made clear on the record that he would have exercised his discretion to impose the 240-month sentence regardless of whether Musgraves technically qualified as a career offender under the Guidelines." *Musgraves*, 883 F.3d at 715. And, again, whether Musgraves committed a qualifying "controlled substance offense" goes to the validity of the sentence, which is a hallmark use of § 2255(a). *See Adams v. United States*, 911 F.3d 397, 408 (7th Cir. 2018); *Fine*, 982 F.3d at 1118.

In any event, the district court provided a permissible independent basis for its decision to deny release—that Musgraves presents a danger to the community. Musgraves does not engage with that alternate reasoning, which dooms his appeal. *See United States v. Raney*, 797 F.3d 454, 464 (7th Cir. 2015).

Further, the district court's reasoning was sound. It found that Musgraves's history of recidivism and repetitive violent offenses demonstrated that he would be a danger to the community if released. To the extent that the district court invoked U.S.S.G. § 1B1.13(2)—requiring that "the defendant is not a danger" if released—for this point, that provision still provides guidance even if it is no longer an "applicable policy statement." *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The compassionate-release statute also instructs the district court to consider "the factors set forth in section 3553(a)" before granting relief. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (quoting § 3582(c)(1)(A)). And under § 3553(a)(2)(C), a sentence must protect the public from the defendant's further crimes. The court also touched upon other factors: his "expansive criminal history spanning his entire adult life," *see* § 3553(a)(1), culminating in his current serious offenses, *see* § 3553(a)(2)(A), and his pattern of "repetitive violent offenses" and reoffending, *see* § 3553(a)(2)(B). We do not reweigh these permissible considerations on appeal. *See, e.g., United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019) (sentencing); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (motion for compassionate release).

AFFIRMED