NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

## United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 4, 2022
Decided April 4, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2279

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00905(2) |
| AUGUSTIN ZAMBRANO, *Defendant-Appellant*. | John Robert Blakey, *Judge*. |

**O R D E R**

Augustin Zambrano pleaded guilty to selling methamphetamine to a confidential source. The district court sentenced him to terms of 160 months' imprisonment and 5 years' supervised release, both within the applicable ranges under the Sentencing Guidelines. Zambrano appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. Cal.* 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would typically involve. Because his analysis appears adequate, and

Zambrano has not independently raised potential issues for appeal, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Zambrano was originally indicted on five counts (corresponding to five sales) of distributing methamphetamine, with a prior conviction and sentence for a serious drug felony. *See* 21 U.S.C. §§ 841(a)(1)(A), 851. He later pleaded guilty to a superseding information that charged him with one count of distributing more than 50 grams of methamphetamine on March 14, 2019. *See* 21 U.S.C. § 841(a)(1).

According to the plea agreement, on that date, Zambrano sold 54.6 grams of meth to a confidential source in Zambrano's home. Over nearly a year, Zambrano had sold the same source 141.6 grams of cocaine, 695 grams of meth, and 2.9 grams of heroin. After one controlled buy, Zambrano showed the confidential source a firearm of his. The plea agreement advised that Zambrano was subject to statutory penalties of a minimum of 10 years and a maximum of life in prison, and 5 years to life of supervised release, and it set forth an anticipated range of 121 to 151 months' imprisonment under the Sentencing Guidelines. At the change-of-plea hearing, the district court went over the agreement's terms and engaged in the required colloquy to ensure that Zambrano's plea was knowing and voluntary.

The probation office prepared a presentence investigation report (PSR) that calculated a guidelines range of 151 to 188 months' imprisonment based on a total offense level of 33 and a criminal history category of II. Zambrano objected to a 2-level increase under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with drug trafficking; he argued that neither the firearm he showed the confidential source (in a nonconfrontational context) nor the two firearms later found in a safe in his home were related to the drug trafficking. At sentencing, the district court resolved the objection against Zambrano—finding that it was not "clearly improbable" that the weapon was connected with the drug trafficking offense—and adopted the PSR's guidelines calculations. The government argued for a mid-range sentence of 169 months; Zambrano argued mitigating circumstances and asked for the statutory minimum of 120 months. The district court settled on a sentence of 160 months in prison and 5 years of supervised release, noting that no matter the resolution of the guidelines objection, it would impose the same sentence under the § 3553(a) factors.

Counsel first considers whether to raise a challenge to the guilty plea. He explains that he advised Zambrano of the risks of such a challenge and confirmed that Zambrano does not seek to withdraw his plea. Counsel therefore appropriately forgoes

further discussion of the conviction and considers only potential challenges to Zambrano's sentence. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel considers a potential challenge to the calculation of the guidelines range of imprisonment, specifically the preserved objection to the enhancement: that the government did not show that any firearm was connected to Zambrano's drug offense. But counsel notes that the law presumes a connection if, during a drug sale, "the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A). The district court could justifiably apply the enhancement given Zambrano's undisputed display of the gun to the source; there is no requirement that it be used in a threatening manner. Moreover, because the court explained that the guidelines objection did not influence its choice of sentence, any guidelines error could not have prejudiced Zambrano. *United States v. Musgraves*, 883 F.3d 709, 715 (7th Cir. 2018). Counsel identifies no other potential procedural issues.

Finally, counsel considers and properly rejects a challenge to the substantive reasonableness of Zambrano's sentence. The sentence was within a properly calculated guidelines range, so we presume it to be reasonable. *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Counsel has not shown anything in the record that would rebut this presumption. Complying with 18 U.S.C. § 3553(a), the court considered the nature and circumstances of the offense (saying that the volume of drugs Zambrano sold "represents a lot of human misery"), characteristics of the defendant (such as his mental health and relationship with his father), and the need for the sentence to adequately punish and deter Zambrano's conduct (noting that a prior 80-month sentence did not deter him). *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016). As for supervised release, counsel notes that the statutory range was five years' to lifetime supervision, and the court imposed the minimum term with the same justifications. We agree that an appeal based on that part of the sentence would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.