**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 19, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-3295

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18CR00270-001 |
| SEAN HOWARD, *Defendant-Appellant*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Sean Howard pleaded guilty to two counts of possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Designating Howard an armed career criminal subject to the 180-month minimum of the Armed Career Criminal Act (ACCA), *see id.* § 924(e)(1), the district court sentenced him to 192 months in prison and 3 years of supervised release.[1] Howard appeals his sentence, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

---

[1]    Before sentencing, Howard acknowledged that he could be subject to a potential ten-year enhancement because his second offense occurred while he was on supervised pretrial release. *See* 18 U.S.C. § 3147(1).

Howard responded, addressing two issues also raised in counsel's brief. *See* CIR. R. 51(b). Because counsel's brief explains the nature of the case, addresses the issues we would expect to be involved in a case like this, and the analysis appears thorough, we limit our review to the subjects that he and Howard raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Howard's guilty plea arose after local police responded, in July 2018, to a report of illegal gambling and found Howard next to a gun, which bore his fingerprints. He was indicted for unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1). While on supervised pretrial release, Howard removed his GPS tracker and fled. Local police found him during a traffic stop and discovered another gun in the car with Howard's DNA on its ammunition. Howard returned to federal custody, and the government filed a superseding indictment, which added a second count under § 922(g)(1) and alleged that he was an armed career criminal because of his prior felony convictions. Howard pleaded guilty to both counts of unlawful firearm possession.

The presentence investigation report came next. The probation officer stated that Howard qualified as an armed career criminal based on his prior felony convictions. These included three convictions for armed robbery over three months in 2007 and a battery conviction for causing serious bodily injury in 2012. Under the Sentencing Guidelines, Howard's offense level was the greater of the level without the ACCA enhancement, or 33. *See* U.S.S.G. § 4B1.4(b). Without the enhancement, Howard's offense level would be 29: his base level was 24 because of his prior felony convictions, *see id.* § 2K2.1(a)(2); he received two more levels because both firearms had been stolen, *see id.* § 2K2.1(b)(4)(A), and three more levels because he committed the second offense on supervised release. *See* 18 U.S.C. § 3147; U.S.S.G. § 3C1.3. The officer thus selected 33 for Howard's offense level, *see* U.S.S.G. § 4B1.4(b)(3)(B), but subtracted two levels for acceptance of responsibility, *see id.* § 3E1.1(a), for a final level of 31. Howard's criminal history placed him in Category IV, U.S.S.G. §§ 4A1.1(a), (e); 4B1.4(c)(3), yielding a guidelines range of 151–188 months, U.S.S.G. Ch. 5, Pt. A, adjusted to 180–188 months because of the ACCA's 15-year statutory minimum. *See* 18 U.S.C. § 924(e)(1). (The ACCA's statutory maximum is life, *id.*, and Howard could separately receive up to ten years in prison under 18 U.S.C. § 3147(1) because he committed his second offense on supervised release.) Finally, the officer reported, the guideline range for supervised release was two to five years. *See id.* § 3583(b)(1); U.S.S.G. § 5D1.2(a)(1).

The court sentenced Howard to a total of 192 months' imprisonment: 180 months on the two counts of unlawful firearm possession under § 922(g)(1), to run concurrently,

and 12 months under § 3147, to run consecutively. It imposed three years of supervised release and ordered Howard to pay the required statutory assessment of $200, *id.* § 3013(a)(2)(A), and a guideline-based fine of $250. *See* U.S.S.G. § 5E1.2(e).

Counsel informs us that Howard does not wish to contest his guilty plea; thus, we do not analyze it. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel first considers whether Howard can contest his classification as an armed career criminal. Relatedly, Howard argues that the court improperly sentenced him under the ACCA, raising two contentions. First, he asserts that under *Wooden v. United States*, 142 S.Ct. 1063, 1069 (2022), his prior armed-robbery convictions occurred on one "occasion" and thus count as only one ACCA predicate. Second, he asserts that his battery conviction is not an ACCA predicate under *Borden v. United States*, 141 S.Ct. 1817, 1828 (2021), because the crime did not require proof that he intended or knew that serious bodily injury would result from his actions.

But counsel correctly concludes that this challenge would be frivolous because Howard waived his right to appeal his classification as an armed career criminal. In his sentencing memorandum, Howard conceded that he did "not dispute his status as an Armed Career Criminal," and "acknowledge[d] he me[t] the legal definition under the" ACCA. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) (noting admissions "remove[] all contest" from the matter).

Counsel notes that Howard's sentencing memorandum contains an error, but it is immaterial. The memo asserts that the Supreme Court already decided the meaning of different "occasions," but *Wooden* (the only Supreme Court case to address that issue) was decided after Howard submitted his memo. Nonetheless, even if this error vitiated Howard's waiver, *Wooden* would not help him. *Wooden* held that ten felonies committed the same night and at the same facility were a single "occasion" based on the "timing," "proximity," and the "character" of the offenses. 142 S.Ct. at 1071. But "substantial gaps in time" (such as a day or more) and "significant intervening events" between offenses would mean they occurred on different occasions. *Id*. Weeks passed between Howard's robberies (which occurred on October 6, December 17, and December 27). Thus, any argument that they occurred on the same "occasion" would be frivolous.

Howard's argument that his battery conviction does not meet *Borden*'s intent-or-knowledge requirement, and thus is not an ACCA predicate, is similarly frivolous. Again, as stated above, he waived a challenge to his status as an armed career criminal. *See Warneke*, 310 F.3d at 550. But waiver aside, Howard lacks a non-frivolous argument

under *Borden.* Based on his operative indictment, Howard was convicted of a "class C felony battery" in Indiana for "knowingly or intentionally" touching another person in a way that results "in serious bodily injury to another person." *See* IND. CODE ANN. § 35-42-2-1(a)(3) (West 2012). This court has already ruled that the less-serious class D felony conviction under this statute satisfies the ACCA's physical force requirement. *See United States v. Love*, 7 F.4th 674, 680 (7th Cir. 2021), *cert. denied*, No. 21-8062 (Oct. 3, 2022). And as *Borden* explains: "A person who injures another knowingly, even though not affirmatively wanting the result, still makes a deliberate choice with full awareness of consequent harm." *Borden*, 141 S.Ct. at 1823 (citing *United States v. Bailey*, 444 U.S. 394, 403-04 (1980)). Howard was convicted of acting "knowingly or intentionally," regardless of whether his objective was to inflict serious bodily injury; thus, he satisfied the mental state that *Borden* demands of an ACCA predicate.

The ACCA issue aside, counsel next considers whether Howard can otherwise plausibly contest his sentence and correctly determines that he cannot. The unobjected-to PSR correctly calculated the offense level (31), criminal history (Category IV), and guidelines range (180–188 months). *See* U.S.S.G. Ch. 5, Pt. A; 18 U.S.C. § 924(e)(1). Further, the court reasonably balanced the factors under 18 U.S.C. § 3553(a). *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). It cited public-safety needs based on Howard's long criminal history, the seriousness of his offenses, and Howard's lack of respect for the law, displayed when he unlawfully possessed a gun while on pretrial release and removed his GPS monitor to flee. The court also considered Howard's mitigating arguments (such as his acceptance of responsibility and remorse) but reasonably concluded that they were outweighed by Howard's violations. Given the court's fulsome explanation for the prison term (4 months above the top of the guidelines range of 188 months, but well below the statutory maximum of life), a challenge to the term as procedurally or substantively unreasonable would be pointless. *See United States v. Musgraves*, 883 F.3d 709, 716 (7th Cir. 2018) (above-guidelines sentence upheld when court adequately stated reasons for increase).

We also agree with counsel's assessment that a challenge to the supervised-release term would be frivolous. The release term was within the guidelines range. *See* U.S.S.G. § 5D1.2(a)(1). Howard waived any objections to the conditions of release: at sentencing, the district judge verified that Howard and his attorney had reviewed the conditions, counsel explicitly stated that Howard had no objections, and counsel expressly waived reading the conditions into the record. *See United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019). In any case, the court's explanation for the imprisonment term, coupled with its explanation that the conditions and term of

supervised release should reduce the chances of recidivism and substance abuse, adequately justified the supervised-release conditions. *See United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016).

Finally, counsel concludes that Howard cannot reasonably challenge the special assessment and fine. The special assessment was required by law. *See* 18 U.S.C. § 3013. And the court imposed a fine significantly below the Guideline. *See id.* § 3571(b); U.S.S.G. § 5E1.2(c)(3). For Howard to avoid paying a fine, he would have needed to show both that he could not pay at sentencing and that he would not be able to pay in the near future. *See United States v. Gomez*, 24 F.3d 924, 926-27 (7th Cir. 1994). Howard neither argued nor showed that he would not be able to pay in the future.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.