# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1984

_____

Micaiah Rey

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 13, 2015
Filed: May 26, 2015

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and DOTY,[1] District Judge.

_____

DOTY, District Judge.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

Micaiah Rey appeals from the district court's[2] denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. We affirm.

**I.**

On May 3, 2007, following a jury trial, Appellant Micaiah Rey was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The jury specifically found that the conspiracy involved between five and fifty grams of cocaine base. At sentencing, the district court determined, by a preponderance of the evidence, that the conspiracy involved between fifty and 150 grams of cocaine base. Accordingly, the district court sentenced Rey to 240 months' imprisonment. We affirmed. See United States v. Webb, 545 F.3d 673 (8th Cir. 2008).

In August 2009, Rey filed a preprinted form entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." Rey completed the thirteen-page form in its entirety, including checking all relevant boxes and providing information about his conviction and appeal. In response to the request for "every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," Rey responded that (1) he did not receive a fair trial, (2) his trial counsel was ineffective, and (3) the district court sentenced him based on a greater drug weight than found by the jury. Rey explained the motion was timely because he was sent "this motion to vacate" soon after his direct appeal was denied. On the last page of the form, Rey requested the following relief: "motion for assistance of counsel." The preprinted form also included catch-all language requesting "any other relief to which movant may be entitled." Rey simultaneously filed a financial affidavit for "counsel for motion 2255."

---

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

The district court denied Rey's § 2255 motion, concluding that Rey failed to substantiate his claims that the trial was unfair and that his counsel was constitutionally ineffective. The court also rejected Rey's argument that it improperly determined the drug amount at the time of sentencing, noting the issue had already been "raised, litigated and rejected on appeal." In November 2009, Rey filed a letter with the district court stating that he did not intend to file a motion under § 2255, but instead was merely seeking the assistance of counsel to help him file a § 2255 motion. Rey requested the opportunity to file a new motion under § 2255 based on ineffective assistance of counsel. The court declined, finding that there was nothing for it do but "await any further filing by the petitioner to determine whether it constitutes a second or successive § 2255 petition."

On March 12, 2014, with the assistance of counsel, Rey filed a motion under § 2255 arguing that his sentence violated the Sixth Amendment in light of the United States Supreme Court's recent decision in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013).[3] The district court summarily dismissed the filing as an uncertified second or successive petition.[4] See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). The district court also determined that the motion was untimely because the Supreme Court has not declared Alleyne to be retroactively applicable. In a separate order, the district court denied Rey a certificate of appealability on the issue of whether his filing was a second or successive petition, but granted a certificate of appealability on the issue of whether Alleyne can be applied retroactively. We expanded the

_____

[3]Before doing so, Rey filed a motion to recall this court's mandate due to the holding in Alleyne. We denied the motion and Rey's subsequent petition for rehearing.

[4]Rey has not requested certification under 28 U.S.C. § 2255(h).

certificate of appealability to include the issue of whether Rey's filing was a successive petition.

## II.

Rey argues that the district court erred in denying his motion as a second or successive petition under § 2255 and in failing to consider whether <u>Alleyne</u> is retroactively applicable. We review both issues de novo. <u>Thomas v. United States</u>, 737 F.3d 1202, 1206 (8th Cir. 2013); <u>Williams v. Norris</u>, 461 F.3d 999, 1001 (8th Cir. 2006).

The district court properly construed Rey's first motion as one for relief under § 2255. "A post-conviction filing that fits the description of § 2255 ... *is* a motion under § 2255, and subject to its restrictions, no matter what the pleader says." <u>Godoski v. United States</u>, 304 F.3d 761, 763 (7th Cir. 2002). Section 2255 reads in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Rey's initial motion fits within that description in both form and substance.[5] Rey sought relief on the grounds that the trial was unfair, his counsel was ineffective, and the district court improperly determined the drug amount, all in violation of the Constitution. The fact that Rey did not formally request relief beyond the appointment of counsel does not undermine the district court's determination, especially given the form's phrase requesting "any other relief to which movant may be entitled." Liberal construction of Rey's pro se filing does not compel a different conclusion because doing so does not alter the substance of his filing. See Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Under the circumstances presented, the district court properly determined that Rey's original motion was brought under § 2255, and as such his second such motion was properly dismissed. Because the instant § 2255 motion must be denied as second or successive, we do not reach the merits of his claim.

Accordingly, we affirm the district court.

_____

[5]This case is distinguished from those in which a filing is in substance a § 2255 motion, but is titled otherwise. In such cases, courts are required to warn movants of the restrictions on second or successive petitions and allow them the opportunity to consent to the reclassification or withdraw the motion. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). This process does not apply here, however, because Rey's filing was a motion for relief under § 2255 in name and in substance. It would be untenable to require district courts to confirm that a movant truly intended to bring an otherwise unambiguous motion under § 2255.