# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3485

_____

United States of America,

*Plaintiff - Appellee,*

v.

Stephen Michael Fine,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2020
Filed: December 11, 2020

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2014, Stephen Fine pleaded guilty to conspiring to distribute methamphetamine, distributing methamphetamine, conspiring to commit money laundering, and tampering with a government witness. At sentencing, the district

court[1] determined that Fine qualified as a career offender under the sentencing guidelines based on two prior convictions for a "controlled substance offense." *See* USSG §§ 4B1.1(a), 4B1.2(b). After calculating the advisory guideline range and considering the factors under 18 U.S.C. § 3553(a), the court imposed a term of 293 months' imprisonment.

In July 2019, Fine moved to reduce his sentence based on what he alleged were "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i). As grounds for relief, he first cited "post-sentencing rehabilitation" and argued second that he was actually innocent of his sentence, because judicial decisions filed after his sentencing showed that the court improperly classified him as a career offender under the guidelines.

The district court ruled that neither of Fine's reasons warranted a reduction. Quoting the applicable statute, the court concluded that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). As to the career offender guideline, the court determined that Fine's effort to challenge his sentence was an improper successive motion to vacate, set aside, or correct a sentence that could not be filed without authorization from this court. *See* 28 U.S.C. § 2255(h).

On appeal, Fine argues that his motion was not premised solely on his rehabilitation efforts while in prison. He maintains that the district court erred in concluding that it could not reduce his sentence under § 3582(c)(1)(A)(i) based on his arguments about the proper interpretation of the career offender guideline. The law is unsettled in this circuit about what reasons a court may consider extraordinary and compelling under § 3582(c)(1)(A)(i), *see United States v. Rodd*, 966 F.3d 740,

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

747-48 (8th Cir. 2020), but we need not address the broader issue here. The district court considered and properly rejected the grounds proffered by Fine.

Fine renews his argument that he is not a career offender under the guidelines. He says that his prior convictions were not for a "controlled substance offense." *See* USSG § 4B1.1(a). Fine contends that the Kansas statute under which he was convicted is overbroad and encompasses some crimes that do not qualify as a controlled substance offense.

Although Fine's argument relies in part on decisions that were issued after his sentencing, including *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), his challenge to the career offender determination was still a challenge to his sentence. A federal inmate generally must challenge a sentence through a § 2255 motion, *see Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010), and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion. *Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015). The substance of Fine's argument was available to him at sentencing, but even an intervening change in the law does not take a motion outside the realm of § 2255 when it seeks to set aside a sentence. Insofar as Fine's brief on appeal seeks to rely on intervening case law as an "extraordinary and compelling" reason, independent of the validity of his sentence, he did not raise that contention in the district court, and we decline to consider it. *Cf. United States v. Loggins*, 966 F.3d 891, 892-93 (8th Cir. 2020).

Fine previously filed an unsuccessful § 2255 motion, and he did not seek authorization from this court to file a successive motion in this case as required by 28 U.S.C. § 2255(h). The district court was therefore correct that his challenge to the career offender determination and resulting sentence was an unauthorized successive

motion to vacate, set aside, or correct a sentence. *See United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020).

Fine's other asserted ground for a sentence reduction was post-conviction rehabilitation. The district court recognized correctly, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Accordingly, the district court's order denying relief is affirmed.

_____