BLD-176                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1653
_____

UNITED STATES OF AMERICA,

v.

MAURICE MICHAEL HENDERSON,
a/k/a New York Mo.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00255-001)
District Judge:  Honorable John E. Jones III

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Maurice Henderson appeals the District Court's order denying his renewed motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2014, Henderson was convicted of two counts related to a conspiracy to manufacture and distribute cocaine and crack cocaine. He was sentenced to 300 months' imprisonment. See M.D. Pa. Cr. No. 1-12-cr-00255-001, ECF 301. In March 2020, Henderson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he was improperly labelled a "career offender" under the First Step Act during sentencing and that recent changes in statutory interpretation entitled him to a reduced sentence. Before the District Court had ruled on that motion, Henderson filed another motion for compassionate release in which he claimed that the District Court should order his release because of the high probability of contracting COVID-19 in prison and because his existing medical issues, such as kidney disease, hypertension, and asthma, put him at a "heightened risk of serious adverse health consequences" should he contract the disease.

The District Court denied both motions without prejudice, concluding that a reduction in sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against release. Nearly 5 months later, Henderson renewed

his motion for compassionate release,[1] arguing again that the prison was overrun with COVID-19 cases and that he was improperly sentenced as a career offender. The District Court denied the motion, noting that the outbreak of COVID-19 in the prison was now under control and that a challenge to an improper sentencing classification was not properly brought in a compassionate release motion. Henderson filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of

---

[1] Though the District Court classified the filing as a motion for reconsideration, Henderson plainly moved to renew his motion for compassionate release, which the District Court had previously denied without prejudice. Cf. United States v. Weatherspoon, 696 F.3d 416, 421-22 (3d Cir. 2012) (concluding that district courts have jurisdiction to consider successive § 3582(c)(2) motions).

3

the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's conclusion that Henderson was not entitled to a sentence reduction. As the Court explained, the outbreak of COVID-19 at FCC-Allenwood (where Henderson was housed) had been contained and, at the time of the decision, there was only 1 active case at the prison complex. Thus, the risk of Henderson contracting COVID-19 was low and did not constitute an "extraordinary and compelling reason" for a sentence reduction.

Henderson also argued that his case involves extraordinary and compelling circumstances because he should not have been sentenced as a career offender. He raised this claim in his § 2255 proceedings, and both the District Court and this Court rejected it. A previously rejected claim of sentencing error could ever qualify as an "extraordinary and compelling reason" for compassionate release.[2]

---

[2] To the extent that Henderson argues that his sentence should be vacated on this basis, we conclude that such a claim can be raised only in a § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Fine, 982 F.3d 1117, 1118-19 (8th Cir. 2020) (holding that defendant's § 3582(c)(1)(A)(i) motion challenging his career offender determination and resulting sentence was unauthorized second or successive § 2255 motion); United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007) ("[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion."). This decision is without prejudice to Henderson's seeking authorization in this Court to file a second or successive § 2255 motion.

In any event, the District Court did not abuse its discretion in concluding that the § 3553(a) factors did not support release. As the District Court previously explained, Henderson's crimes—trafficking in significant amounts of cocaine and crack cocaine—"endangered the safety of the community." ECF No. 448 at 6. Henderson has an extensive criminal history that rendered him a career offender, demonstrating a "considered and continued disrespect for the law." Id. It was also reasonable for the District Court to conclude that the fact that Henderson had served less than half of his lengthy sentence worked against him. See, e.g., Pawlowski, 967 F.3d at 330-31. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.