CLD-043                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2301
_____

UNITED STATES OF AMERICA

v.

CLIFTON MCLEAN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:13-cr-00487-001)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2021

Before:  AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed December 14, 2021)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Clifton McLean appeals from the District Court's orders denying compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration. The Government has filed a motion to summarily affirm. We grant the Government's motion and will affirm the District Court's ruling.

McLean is serving a 19-year prison sentence imposed in 2016 for attempting and conspiring to commit Hobbs Act robbery, attempting and conspiring to possess with intent to distribute cocaine, carrying a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. The United States District Court for the Eastern District of Pennsylvania imposed a significantly lower sentence than the recommended Sentencing Guidelines range of 30 years to life in prison. This Court affirmed McLean's conviction and sentence on appeal. See United States v. McLean, 702 F. App'x 81 (3d Cir. 2017). According to the Bureau of Prisons, McLean's anticipated release date is December 1, 2029.

In early 2021, McLean filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), pursuant to the First Step Act, asserting that he had "extraordinary and compelling" reasons for a reduction of sentence or release.[1] McLean

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] McLean first sought compassionate release from the warden of his prison. The warden denied that request in October 2020.

2

claimed that he is overweight and carries the sickle cell trait, and that these health conditions put him at a greater risk of complications should he contract the COVID-19 virus. He also asserted that he should be released early to care for his grandmother because McLean's mother, who regularly cares for her, had been injured in a car accident. In a supplemental motion, McLean asked the District Court to reduce his sentence because he had suffered particularly harsh prison conditions during the preceding 13 months that he had been incarcerated, and he had made great strides at being rehabilitated. The Government opposed Jefferson's motion.

The District Court denied relief in May 2021. The District Court ruled that McLean failed to show "extraordinary and compelling reasons" for a sentence reduction, and further, that the applicable factors under 18 U.S.C. § 3553(a) did not weigh in favor of release. McLean moved for reconsideration, and the District Court denied his motion. In rejecting reconsideration, the District Court determined that McLean's allegedly being subjected to "onerous prison conditions" did not qualify as an "extraordinary and compelling" reason. Dist. Ct. Order entered June 22, 2021.

McLean filed this appeal and a pro se informal brief.[2] The Government filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[3]

---

[2] After McLean filed his notice of appeal, the District Court denied McLean's remaining reconsideration filings on August 24, 2021. He has not appealed that order.

[3] Although there is some question whether McLean's motion to reconsider the District Court's May 11 order was timely filed, see United States v. Gomez-Gomez, 643 F.3d 463, 471 (6th Cir. 2011) (explaining that a motion to reconsider filed more than 14 days after entry of an order was untimely), because the untimeliness is minor and the

3

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's orders for an abuse of decision, and we "will not disturb the District Court's decision 'unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"  United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)); see also United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  We will take summary action if "no substantial question is presented."  3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In his informal brief, McLean primarily raises arguments that appear to challenge the validity of his conviction and sentence on legal grounds.  McLean is not entitled to relief on these arguments because they were not presented in his motion below, see Steagald v. United States, 451 U.S. 204, 209 (1981); have been previously rejected on direct appeal and in 28 U.S.C. § 2255 proceedings; and should be asserted via § 2255, see generally Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Fine, 982 F.3d 1117, 1118-19 (8th Cir. 2020).

McLean has not otherwise demonstrated that the District Court abused its discretion in denying his compassionate release motion.  The District Court determined

Government has not objected to our review of the underlying denial of compassionate release, we decline to partially dismiss the appeal on timeliness grounds.  See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (noting that the time limit for filing a criminal appeal is rigid but may be forfeited if not invoked by the Government).

that McLean's medical conditions do not constitute an "extraordinary and compelling" reason, especially in view of the fact that he has received a COVID vaccine (the one-dose Johnson & Johnson vaccine). Additionally, the District Court explained that McLean's claim that he needs to care for his elderly grandmother does not justify a grant of compassionate release because she continues to be cared for by McLean's mother. The District Court's conclusions here did not constitute a clear error of judgment.

Further, the District Court did not err in deciding that the applicable § 3553(a) factors counseled against a grant of compassionate release. As the District Court said, McLean's offenses were "serious,"[4] and he has served less than half of a sentence that "was already subject to a steep downward variance from the Guidelines." Dist. Ct. Mem. entered May 11, 2021, at 3-4; see Pawlowski, 967 F.3d at 331 (indicating that the time remaining on the prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release).

Finally, we discern no abuse of discretion in the District Court's denial of reconsideration. In its order, the District Court reasonably explained that, while it "appreciates the challenge posed by COVID-19 and Defendant's difficult conditions of confinement," it could not find that the prison conditions presented an extraordinary and compelling reason in light of "the seriousness of Mr. McLean's offenses and the need to

---

[4] The District Court summarized McLean's offenses as follows: "McLean conspired to rob more than five kilograms of cocaine from a drug stash house, secured two weapons for that purpose, and while *en route* to the purported stash house was captured on video professing his willingness to commit murder if that became necessary during the course of the robbery." (Dist. Ct. Mem. entered May 11, 2021, at 3.)

impose appropriate punishment." Dist. Ct. Order entered June 22, 2021. McLean did not otherwise present newly discovered evidence or seek to correct a manifest error of law or fact, and the District Court therefore committed no error of judgment in rejecting the motion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673, 677 (3d Cir. 1999).

For these reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.