CLD-099                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-3265
_____

UNITED STATES OF AMERICA

v.

ROBERT G. BARD,
                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-12-cr-00181-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2022
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed:  March 22, 2022)
_____

OPINION[*]
_____

PER CURIAM

   Federal prisoner Robert Bard appeals from the District Court's order denying his

motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2013, Bard was sentenced to 262 months in prison after being convicted of fraud and related charges. Bard, an investment advisor, had defrauded 66 of his clients, many of them elderly, out of millions of dollars. We affirmed his conviction and sentence on direct appeal, see United States v. Bard, 625 F. App'x 57, 61 (3d Cir. 2015), and later affirmed the denial of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, see United States v. Bard, 802 F. App'x 691, 696 (3d Cir. 2020), and the denial of his prior motion for compassionate release and motions for reconsideration thereof, see United States v. Bard, C.A. No. 21-1979, 2021 WL 3503818 (3d Cir. Aug. 10, 2021).

Shortly after we decided that last appeal, Bard filed another motion for compassionate release. The District Court denied the motion after determining that Bard was merely attempting to re-litigate issues already decided. Bard timely appealed. The Government has moved for summary affirmance of the District Court's order, and Bard has filed a response in opposition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). In assessing his prior motion for compassionate release, the District Court noted that Bard had "arguably made a showing of a compelling and extraordinary circumstance" warranting release based on the threat he faced from COVID-19 due to his preexisting medical conditions. See ECF No. 229 at 4. Nonetheless, the District Court denied relief based on its assessment of the other relevant factors; we affirmed that decision in full. See Bard, 2021 WL 3503818, at *2-3.[1]

The motion at issue in this appeal opens with the assertion that the District Court previously "deemed that Bard did meet the medical conditions to warrant release." ECF No. 240 at 1. The argument that follows centers entirely on his disagreement with the calculation the District Court made at sentencing as to the losses incurred by Bard's victims, asserting that his guidelines range should have been much lower because there was no actual out-of-pocket loss. See id., passim. The District Court denied the motion because it "d[id] not present any colorable bases for relief and instead improperly

_____

[1] In affirming the denial of compassionate release, we concluded that the District Court did not abuse its discretion in concluding that the factors under 18 U.S.C. § 3553(a) did not support release because Bard had shown no remorse for his crimes, had flagrantly denied culpability, and "has not learned from his time in prison, and he needs to serve his full sentence to protect the public from him inflicting further wrongdoing upon them." Bard, 2021 WL 3503818, at *2.

3

[sought] to re-litigate the court's calculation of the applicable sentencing guideline range." ECF No. 243 at 1.

We agree with the District Court's decision. Bard's motion does not engage with the § 3553(a) factors, and instead raises arguments better suited for a § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Fine, 982 F.3d 1117, 1118–19 (8th Cir. 2020). Further, Bard first presented a version of this loss-calculation argument when alleging the ineffectiveness of trial counsel in his unsuccessful section 2255 motion. See, e.g., ECF No. 194 at 14–16. He then presented it at length in a motion to the District Court that was denied along with his first compassionate release motion. See ECF Nos. 210 at 1–10; 230 at 1–2. He raised it yet again in seeking reconsideration of those denials. See ECF No. 231 at 9–12. As discussed above, the District Court denied reconsideration, see ECF Nos. 232 & 235, and we affirmed, see Bard, 2021 WL 3503818, at *2–3. Bard provided no basis for the District Court to address this issue once again, and we conclude that the Court did not err in declining to do so.  See generally Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) (discussing law-of-the-case doctrine).

Based on the foregoing, Bard's appeal does not present a substantial question, and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[2]

---

[2] We note that Bard's wife filed a letter stating that Bard's prison was on the lockdown and that he would not be able to file a timely response to the Government's motion. Bard did file a response, which we have considered, and we therefore take no action on this letter.