20-3276-cv (L)
United States v. Jacques

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th of March, two thousand twenty-two.

PRESENT:  Dennis Jacobs,
Richard C. Wesley,
Steven J. Menashi,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                        No. 20-3276, 21-1277

GARY JACQUES,
*Defendant-Appellant.*

_____

| | |
|---|---|
| *For Appellee:* | David C. James, Ryan C. Harris, Assistant United States Attorneys, *for* |

Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant:* Gary Jacques, pro se, Joint Base MDL, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Gary Jacques, proceeding pro se, appeals two district court orders denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) entered on September 9, 2020, and April 27, 2021, by the U.S. District Court for the Eastern District of New York (Gershon, J.). In his first motion, Jacques asserted that his health conditions (including an overweight body mass index, acid reflux disease, and sinusitis treated with corticosteroids) combined with the COVID-19 pandemic placed him at a high risk of contracting and experiencing severe illness from COVID-19 in prison; that he had demonstrated

2

rehabilitation; and that he was "actually innocen[t]" of the crimes, raising defects in the indictment, evidentiary sufficiency issues, and other errors in the criminal judgment. App'x 14-18. Jacques's second motion renewed the first two of those arguments and additionally reported that he had contracted COVID-19 and related pneumonia, received inadequate treatment, and continued to experience symptoms. The district court denied both motions because it found that Jacques had not shown "extraordinary and compelling reasons" for relief. 18 U.S.C. § 3582(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). A "district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *Saladino*, 7 F.4th at 122).

3

A district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of showing that the circumstances warrant a sentence reduction. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

**I**

When it denied the first compassionate release motion, the district court said that it was bound by U.S. Sentencing Guidelines Manual § 1B1.13 in determining whether there were extraordinary and compelling reasons for relief. We subsequently held in *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), that § 1B1.13 applies only to motions for compassionate release filed by the Bureau of Prisons. Thus, contrary to the district court's view, it had discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person

4

might bring before [it] in motions for compassionate release." *Id.* at 237. The only limitation is that "[r]ehabilitation … alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Nonetheless, the error was harmless because it is clear from the record that the district court would reach the same decision on remand. *See United States v. Mason*, 692 F.3d 178, 184 (2d Cir. 2012) ("Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing.") (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)). The district court applied the correct standard in denying Jacques's subsequent compassionate release motion, in which Jacques presented the same claims of medical vulnerability and rehabilitation and offered more evidence of prison conditions creating a risk of exposure to COVID-19.

While the earlier motion raised claims regarding the validity of Jacques's conviction and sentence that were not renewed in the latter motion, those arguments were not a proper basis for a § 3582(c)(1)(A) motion in any event. *See*

5

*United States v. Fine*, 982 F.3d 1117, 1118-19 (8th Cir. 2020) (explaining that because "[a] federal inmate generally must challenge a sentence through a § 2255 motion … a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion"). This view has been summarily adopted in other circuits. *See United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."); *United States v. Henderson*, 858 F. App'x 466, 469 (3d Cir. 2021) ("A previously rejected claim of sentencing error could never qualify as an 'extraordinary and compelling reason' for compassionate release."); *United States v. Miller*, 855 F. App'x 949, 950 (5th Cir. 2021). Permitting Jacques to make actual innocence arguments in this manner would enable him to pursue habeas relief through a compassionate release motion and thereby evade the procedural limitations on bringing habeas claims. Jacques's arguments as to the validity of his conviction therefore do not provide a ground for remanding to the district court.

**II**

The district court did not abuse its discretion in denying Jacques's second

6

motion for compassionate release. His objection that the district court considered inadmissible evidence is misplaced; the Federal Rules of Evidence do not apply to "miscellaneous proceedings such as … sentencing." Fed. R. Evid. 1101(d)(3). The district court was not required to hold an evidentiary hearing. *See United States v. Smith*, 982 F.3d 106, 113 (2d Cir. 2020) ("[A] district court is not categorically required to hold a hearing at which the defendant is present before denying a motion for a sentence reduction.").

Nor did the district court err in evaluating the evidence. To show an abuse of discretion, Jacques must demonstrate that the district court "made a clearly erroneous assessment of the evidence." *Saladino*, 7 F.4th at 122 (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)); *see also Jones*, 17 F.4th at 375 ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.") (quoting *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). In this case, the district court concluded that Jacques's health conditions do not present extraordinary and compelling reasons for release in light of his prior COVID-19 infection and vaccination. The district court acknowledged Jacques's claimed preexisting conditions and the CDC's opinion

7

that two of those conditions (being overweight and using a corticosteroid) may increase his risk of severe illness from COVID-19, and it determined that these factors did not rise to the level of extraordinary and compelling circumstances. Jacques has not shown that determination to be an abuse of discretion.

Finally, there is no reason to conclude that the district court failed to consider Jacques's proffered bases for release—including the evidence of rehabilitation it did not explicitly discuss—in the aggregate or that it failed to consider a sentence reduction short of immediate release. "A reviewing court entertains a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Cossey*, 632 F.3d 82, 87 (2d Cir. 2011) (internal quotation marks omitted). The record shows that the district court acknowledged all of Jacques's proffered bases for relief and stated the correct legal standard. Jacques offers no basis for suggesting that the district court's decision reflects improper bias. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

We have considered Jacques's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9