**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2326
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEROME WHITE, a/k/a Dean Braithwaite,
a/k/a Carlos Valentine, a/k/a Anthony Brown,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00266-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 10, 2022
Before:  MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: April 25, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Anthony White appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Following a 2007 bench trial, White was found guilty of numerous drug and firearm offenses, and he was sentenced to a term of imprisonment of 420 months in prison, which was the low end the Guidelines range. We affirmed on direct appeal, the District Court denied White's 28 U.S.C. § 2255 motion, and we denied his request for a certificate of appealability.

In February 2021, White filed a pro se motion for compassionate release in light of the COVID-19 pandemic. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). The District Court appointed counsel, who filed a brief in support of White's motion, requesting that his sentence be reduced to time served and he be deported to his home country of Jamaica. White argued that he was at increased risk of contracting COVID-19 because he suffers from hypertension, leukopenia, pulmonary stenosis, and immune deficiencies. Furthermore, he asserted that his risk of contracting COVID-19 was "heightened immeasurably due to the explosion of COVID-19 cases in

2

prisons across the country," and he specifically cited the relevant data for USP Florence, where he was then confined. At an unspecified time thereafter, White was transferred to USP Victorville, where he is currently confined. In response to the motion, the Government argued that White's medical conditions and risk of contracting COVID-19 did not constitute extraordinary and compelling reasons for a sentence reduction and that the factors set forth in 18 U.S.C. § 3553(a) counseled against White's release.

The District Court denied the motion. The Court concluded that White failed to establish extraordinary and compelling reasons for a sentence reduction based on his medical conditions because the Centers for Disease Control and Prevention had listed only one of his medical conditions, hypertension, as possibly placing individuals at an increased risk of severe complications related to a COVID-19 infection. The Court also found that his risk of exposure was relatively minimal, given that the Bureau of Prisons was then reporting no active COVID-19 cases among the prisoners or staff at USP Victorville. Furthermore, the Court ruled that the § 3553(a) sentencing factors did not support a reduction to White's term of imprisonment.

This appeal ensued. In this Court, White filed a pro se brief in which he asserted that the District Court did not properly account for all of his medical conditions in determining that they did not constitute extraordinary and compelling reasons for a sentence reduction.[1] The Government has moved for summary affirmance.

_____

[1] White also challenged his 2007 conviction on double-jeopardy grounds. White is not entitled to relief on this argument because it should be asserted via a § 2255 motion. See

3

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

We discern no abuse of discretion in the District Court's decision to deny White's motion. The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."

---

generally Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); cf. United States v. Fine, 982 F.3d 1117, 1118-19 (8th Cir. 2020) (holding that defendant's § 3582(c)(1)(A)(i) motion challenging his career offender determination and resulting sentence was an unauthorized second or successive § 2255 motion); United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007) ("[A]ny postjudgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion.").

4

18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  Id. § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We cannot say that the District Court committed a clear error of judgment in concluding that a number of the § 3553(a) factors—including White's criminal history and the need to reflect the seriousness of the offense and to protect the public—precluded granting compassionate release here.  Moreover, the District Court reasonably determined that the fact that White had only served less than half of his sentence weighed against reducing his sentence to "time served."  See, e.g., Pawlowski, 967 F.3d at 330-31 (concluding that a district court had not abused its discretion in denying a motion for compassionate release because, among other reasons, the defendant had served only a small portion of his sentence).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.