**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1772
_____

UNITED STATES OF AMERICA

v.

TROY HOLMES,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00495-001)
District Judge:  Honorable Harvey Bartle III

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2022

Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: August 25, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Troy Holmes appeals pro se from the District Court's order denying his motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

## I.

In 2008, a jury sitting in the United States District Court for the Eastern District of Pennsylvania found Holmes guilty of conspiracy, carjacking, and using a firearm in furtherance of a crime of violence. See 18 U.S.C. §§ 371, 2119, and 924(c)(1). At sentencing, the District Court determined that Holmes qualified as a "career offender" under § 4B1.1(c) of the Sentencing Guidelines because he had committed at least two prior crimes of violence. The District Court sentenced him to 300 months' imprisonment, followed by five years of supervised release. Holmes later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the District Court denied relief.

In May 2020, Holmes filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asserting that, due to numerous underlying health conditions, he was at risk of serious complications or death should he contract COVID-19. The District Court denied relief, and we affirmed. United States v. Holmes, 839 F. App'x 681, 682 (3d Cir. 2021) (per curiam) (not precedential).

Holmes filed a second pro se motion for compassionate release in March 2022, which he later amended.[1] He again asserted that he faced increased risks with respect to

---

[1] It is undisputed that Holmes complied with § 3582(c)(1)(A)'s thirty-day lapse provision by filing a request for compassionate release with his warden before turning to the

2

COVID-19. He also raised several challenges to his convictions and sentences and argued that various alleged errors qualified as "extraordinary and compelling" reasons warranting compassionate release. Specifically, he claimed that recent district court caselaw makes clear that his New Jersey conviction for aggravated assault does not constitute a "crime of violence" under the Career Offender Guideline, and that his sentence under § 924(c) violates Alleyne v. United States, 570 U.S. 99 (2013), because a jury did not find that he had "brandished" a firearm during the carjacking. The District Court rejected these arguments and concluded that Holmes had not demonstrated "extraordinary and compelling reasons" justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[2]

Holmes appealed. The Government now moves for summary affirmance. See 3d Cir. L.A.R. 27.4.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

We agree with the Government that "no substantial question is presented" by

---

District Court. See 18 U.S.C. § 3582(c)(1)(A).

[2] Because the District Court concluded that Holmes did not demonstrate "extraordinary and compelling reasons" justifying his release, it did not consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

this appeal. 3d Cir. L.A.R. 27.4. First, the District Court did not abuse its discretion in determining that Holmes's concerns regarding COVID-19 did not amount to "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), as he did not present any evidence that his health had worsened since the time of his initial motion, and he is now fully vaccinated. See United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19").

Second, to the extent that Holmes argues that he is entitled to compassionate release because of alleged sentencing errors, he essentially presents another challenge to the validity of his sentences, and such challenges are typically brought under 28 U.S.C. § 2255 instead. See Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that a prisoner may not circumvent AEDPA's restrictions by labeling a second or successive application for habeas relief something else); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that motions to vacate "pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); see also United States v. Fine, 982 F.3d 1117, 1118–19 (8th Cir. 2020) (rejecting a similar challenge as inappropriately brought under § 3582). Moreover, Holmes's argument that he would receive a lesser sentence today in light of Alleyne does not provide an "extraordinary and compelling reason" for compassionate release.[3] Cf.

---

[3] We cannot consider Holmes's argument based on Rosemond v. United States, 572 U.S. 65 (2014), because he did not present it to the District Court. See Jenkins v.

United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021) (holding that the nonretroactive changes to § 924(c) are not "extraordinary and compelling" reasons for purposes of § 3582(c)(1)(A)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[4]

---

Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

[4] The Government's request for leave to file its motion for summary affirmance out of time is denied as unnecessary.