

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2003

# USA v. Holland

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Holland" (2003). *2003 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-4481

———————

UNITED STATES OF AMERICA

v.

HARVEY HOLLAND,

                                                        Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 01-00195-06)
District Judge:  Honorable William W. Caldwell

———————

Submitted United Third Circuit LAR 34.1(a)
September 9, 2003

BEFORE:  BARRY, BECKER, and GREENBERG, Circuit Judges

(Opinion Filed:  September 30, 2003)

———————

OPINION

———————

GREENBERG, Circuit Judge.

    This matter comes on before this court on an appeal by Harvey Holland

("Holland") from a judgment of conviction and sentence entered in this criminal case on

December 13, 2002.  Holland was convicted on two counts of a five-count second

superseding indictment in which he was charged in three counts: Count II, for intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, and aiding, abetting, counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count IV, causing the death of Jason Harrigan through the use of a firearm during and in relation to a drug trafficking crime and a drug trafficking conspiracy in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2; and Count V, conspiracy to manufacture, distribute, and possess with the intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846. Significantly, Shawn Anderson, called Sean Anderson in the indictment, and Shiranda Posey, though not charged as defendants, were named as co-conspirators in Count V and Anderson was named as a co-conspirator in Count IV. Holland's brother, Jeffrey Holland, also was named as a defendant in the indictment and was a defendant with Holland at a joint trial.

Both defendants were convicted on all counts in which they were named except for Count IV relating to the death of Jason Harrigan. The jury deadlocked on that count as to both defendants and thus the court declared a mistrial on it. On the government's motion the court later dismissed Count IV without prejudice. The court sentenced Holland to concurrent terms of life imprisonment on the two counts on which he was convicted to be followed by concurrent five-year terms of supervised release and fined

him $4,000. These custodial terms were to be served consecutively to sentences imposed by the Dauphin County Court.

On this appeal Holland contends (1) the evidence of conspiracy was legally insufficient to sustain his conviction for conspiracy because it did not show that he had a unity of purpose with Jeffrey Holland but merely happened to be with him at various times; (2) the court abused its discretion in denying his motion to sever the trials of the two defendants; (3) the court erred in admitting into evidence pursuant to Fed. R. Evid. 801(d)(2)(E) two statements made by Shawn Anderson that he regretted being involved in Harrigan's homicide as there was no foundation that he made the statements during the course or in furtherance of the conspiracy; (4) the court abused its discretion in admitting evidence of a trip Holland allegedly made to New York with Jeffrey Holland where the trip occurred outside of the period of the conspiracy by more than 18 months and there was no connection between the trip and other evidence of a conspiracy; and (5) the prosecution did not present evidence of the quantity of crack cocaine, thereby failing to establish an element of the crime as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

We deal with Holland's points in the order we have set them forth. We consider whether the evidence was sufficient to support the conspiracy conviction in the light most favorable to the government as the verdict winner and thus do not weigh the evidence

3

ourselves beyond determining its sufficiency to support the conviction. Furthermore, we do not make an independent determination of the witnesses' credibility. See United States v. Cothran, 286 F.3d 173, 175 (3d Cir. 2002); United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998); United States v. Rosario, 118 F.3d 160, 163 (3d Cir. 1997). In his sufficiency of the evidence contention Holland understandably relies heavily on our recent opinion in United States v. Pressler, 256 F.3d 144 (3d Cir. 2001). But in Pressler the government's problem was that notwithstanding evidence that the appellant had distributed "a sizeable amount of heroin," id. at 150, the government "never demonstrated the existence of an agreement between [the appellant] and at least one other person." Id. at 157. In contrast, here the government presented evidence that, if accepted, as apparently it was, did establish the conspiracy.

We review the district court's refusal to sever the trials of the two defendants on an abuse of discretion basis. See United States v. Hart, 273 F.3d 363, 369 (3d Cir. 2001). Furthermore, to obtain relief Holland must demonstrate that he suffered prejudice because of the court's refusal to sever the defendants' cases. See United States v. Sandini, 888 F.2d 300, 305 (3d Cir. 1989). However, as Holland acknowledges, the Supreme Court has indicated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993). Thus, his burden on the severance issue is not light and, in fact, he cannot meet it. In this case the various counts of the indictment referred to related

matters that were a part of the same acts or transactions or constituted parts of a common scheme or plan. Indeed, it seems to us that this case is precisely the type in which a joint trial is appropriate. Finally on the severance issue we note that the jury did not reach a verdict on the very serious charges on Count IV, an indication that it carefully weighed the evidence relating to each defendant and charge. See Sandini, 888 F.2d at 307. In the circumstances, we will not reverse because the court denied Holland's motion to sever.

Holland's most substantial contention is that the court erred in admitting Shawn Anderson's statements into evidence. By the time of the trial Anderson, who was listed as a co-conspirator in Counts IV and V of the indictment, had been murdered. The government called Shiranda Posey, who also was listed as a co-conspirator in Count V, as a witness and asked her about a conversation she had with Anderson. Holland objected to the conversation being recounted as he regarded it, quite correctly, as hearsay. The government responded that it was "a statement of admission of a party that is involved in the killing" and inasmuch as Anderson was a co-conspirator "it would come in in that manner." App. at 253. While the government did not refer specifically to any rule of evidence to support its contention, obviously its argument relied on Fed. R. Evid. 801(d)(2)(E) which provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. The court allowed Posey to testify on that basis.

Referring to the death of Jason Harrigan, which was the event charged in Count

5

IV of the indictment on which the jury deadlocked, Posey recited that Anderson's statement to her was as follows: "He was just like I fucked up. He [Anderson] was saying that Mr. Harrigan would still be alive if he hadn't tried to kill his uncle." Id. at 254. Holland was Harrigan's uncle. Plainly this statement did not satisfy Rule 801(d)(2)(E) and should not have been admitted on that basis and inasmuch the government does not contend otherwise we have no need to explain the basis for our conclusion on this point.

Adrienne Stewart later also testified as to a statement by Anderson. Stewart saw Anderson driving his car and flagged him down as she had just gotten out of prison and wanted to buy some crack. Stewart then got into Anderson's car and they went to Stewart's mother's house. Referring to Harrigan's shooting she said that Anderson said "that he was shot all around. He [Anderson] said he didn't want to shoot. He didn't want Jeff – he didn't want him to think that he wasn't trying to participate in the act so he was just shooting all around." Id. at 336-37. She also said that Anderson was upset.

Prior to Stewart testifying as to what Anderson had said, when the prosecutor asked if Stewart ever had a conversation with Anderson concerning the murder of Harrigan both defendants objected. Id. at 335. The court then said that the prosecutor "previously indicated this is a statement made in the course of a conspiracy." Id. The prosecutor then said "also it is an admission of a participant – to being a participant in a murder." Id. Thus, without citing the rule the prosecutor relied on the Fed. R. Evid.

804(b)(3) statement against interest exception to the hearsay rule. The court then said: "On that basis, I will admit it and grant an exception to both defendants." Id. It thus appears that the court changed the basis of admissibility of Anderson's statements, though it is possible that its ruling allowing Stewart to recount Anderson's statement to her was predicated both on Rule 801(d)(2)(E) and Rule 804(b)(3). In any event, as we have indicated, the government acknowledges that it was not admissible under the former rule but contends that it was admissible under the latter.

Holland contends, however, that Williamson v. United States, 512 U.S. 594, 114 S.Ct. 2431 (1994), precluded the admission of the statements under Rule 804(b)(3), as the statements were partially exculpatory, indeed more exculpatory than inculpatory. We believe that there is merit to this contention, at least with respect to Stewart's statement. Williamson makes clear that exculpatory portions of statements otherwise inculpatory as to the declarant are inadmissible. As the Court explained: "In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." Id. at 600-01, 114 S.Ct. at 2435. Applying that principle here we conclude that Anderson's statement to Stewart principally explained how he was not involved in Harrigan's murder even though it places him at the scene of the crime with a weapon that he was firing. We reach this conclusion as he claimed to be firing in a haphazard way so as to create an illusion of his participation in Harrigan's murder though in reality he was

7

not.  Nevertheless, we are satisfied that in the light of all the evidence against Holland that these fleeting statements as recounted by Posey and Stewart could not possibly have affected the outcome of the case no matter how demanding a standard is applied in making a harmless error analysis and thus we will not reverse by reason of them.  See United States v. Cross, 308 F.3d 308, 326 (3d Cir. 2002).

We have considered Holland's final two points relating to the New York trip and the application of Apprendi and conclude that they are not meritorious and reject them without discussion except to point out that we have no doubt that the evidence permitted the jury to conclude that Holland was responsible for 50 or more grams of crack cocaine. See Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180 (1946).

The judgment of conviction and sentence entered December 13, 2002, will be affirmed.

———————

 /s/ Morton I. Greenberg
Circuit Judge

8