ALD-321                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3962
_____

HARVEY HOLLAND,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-01855)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 2, 2014)
_____

OPINION
_____

PER CURIAM

A federal jury found Harvey Holland guilty of distributing and possessing, with

the intent to distribute, 50 grams or more of crack cocaine, as well as a related conspiracy

charge.  The jury deadlocked on a charge related to the murder of Jason Harrigan.  That

charge was subsequently dismissed, and Holland was sentenced to two concurrent terms

of life in prison. We affirmed the judgment, United States v. Holland, 76 F. App'x 452 (3d Cir. 2003), and the United States Supreme Court denied certiorari.

In 2004, Holland filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied relief after a hearing, and we denied Holland's subsequent application for a certificate of appealability. Holland later filed unsuccessful applications for relief in the District Court, including a Rule 60(b) motion and several petitions pursuant to 28 U.S.C. § 2241. He has not won any relief on appeal from orders denying or dismissing these filings. We also have denied Holland's § 2244 applications, including one based on Alleyne v. United States, 133 S. Ct. 2151, 2162-63 (2013), and a claim that the District Court impermissibly used Harrigan's murder as relevant conduct to set his offense level at sentencing.

Before he filed his Alleyne-based § 2244 application, Holland filed another § 2241 petition in the District Court. He presented the claim under Alleyne that the District Court impermissibly found facts relating to Harrigan's murder in sentencing him. Adopting a Magistrate Judge's recommendation and rejecting Holland's objections, the District Court dismissed Holland's § 2241 petition for lack of jurisdiction.[1]

Holland appeals.[2] We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review is plenary. See Nuveen Mun. Trust v. WithumSmith Brown, P.C., 692 F.3d

---

[1] The dismissal was without prejudice to Holland's bringing the § 2244 application related to the Alleyne claim.

[2] Previously, because Holland did not submit the filing and docketing fees or a motion to proceed in forma pauperis ("ifp"), his case was dismissed for failure to timely prosecute.

283, 293 (3d Cir. 2012).  Upon review, we will summarily affirm the judgment of the District Court because no substantial issue is presented on appeal.[3]  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court was without jurisdiction to consider Holland's Alleyne-based claim under 28 U.S.C. § 2241.  As the District Court concluded, Holland cannot bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective."  28 U.S.C. § 2255(e).  Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  However, § 2255 is not inadequate or ineffective just because a movant, like Holland, who has previously filed a § 2555 motion, is unable to meet its stringent gatekeeping requirements.  See id.

Although Holland argued to the contrary in the District Court, he did not make a claim that fits under the In re Dorsainvil exception.  See Okereke v. United States, 307

_____

He has submitted a motion to reopen and a motion to proceed ifp, which we grant.  See See 3d Cir. L.A.R. Misc. 107.2(a); Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

[3] After Holland's appeal was listed for possible summary action, the Government was permitted additional time to respond to the listing because of the Government shutdown. In response, Holland filed a "motion to invoke procedural bar for 21 days over due date 10/3/2013 set by the Court."  He requested a "procedural bar" because the Government had not filed anything in his case during the initial response period.  With his motion, he also submitted a copy of an application for a certificate of appealability that he had filed in the District Court in which he set forth arguments why his § 2241 petition should have been considered.

3

F.3d 117, 120 (3d Cir. 2002). He did not contend that, as a result of a Supreme Court decision issued after he filed his first § 2255 motion, the conduct for which he was convicted is now non-criminal. He sought relief under Alleyne. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the same rule also applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163. We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument." Okereke, 307 F.3d at 121. We see no basis to treat differently Holland's claim brought under Alleyne.

In short, Holland presented a claim for which § 2255 is not an inadequate or ineffective remedy. The District Court properly dismissed his § 2241 petition. Accordingly, having granted Holland's motion to reopen this proceeding and motion to proceed ifp, we will affirm the District Court's decision. Holland's motion to invoke a procedural bar is denied.[4]

---

[4] Although Holland provided us with a copy of his application for a certificate of appealability that he filed in the District Court, we do not understand him to be seeking a certificate from us. We note nonetheless that federal prisoners seeking relief under § 2241 do not require a certificate of appealability to proceed with an appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc).