CLD-206                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2063
_____

UNITED STATES OF AMERICA

v.

HARVEY HOLLAND,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:01-cr-00195-006)
District Judge:  Honorable Robert D. Mariani

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2023

Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: October 10, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Harvey Holland appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.

Because we write primarily for the benefit of the parties, we recite only the facts and procedural history relevant to our disposition. In 2002, Harvey Holland was convicted in the United States District Court for the Middle District of Pennsylvania in a joint trial with his brother, Jeffrey Holland, of distribution of, and possession with intent to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy, in violation of § 846. Holland was sentenced to two concurrent terms of life imprisonment. Holland's convictions and sentences were affirmed on appeal, *see United States v. Holland*, 76 F. App'x 452 (3d Cir. 2003), and his petition for certiorari was denied by the United States Supreme Court. Holland then, unsuccessfully, pursued various forms of post-conviction relief, including under 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), 28 U.S.C. § 2244, and 28 U.S.C. § 2241, as well as filed two motions for a sentence reduction.[1]

The present appeal concerns Holland's September 23, 2020 motion for compassionate release. Dkt No. 526. In that motion, Holland alleged that several

---

[1] We are also aware of two pending appeals, *see* C.A. Nos. 22-2764 and 23-2157, but neither has any impact on the current record.

2

medical conditions placed him at a higher risk of serious illness from COVID-19 and that his institution of confinement was incapable of managing the COVID-19 pandemic, evidenced by, inter alia, the increasing number of infections. On August 2, 2021, Holland moved for appointment of counsel related to his compassionate release motion and informed the District Court that he had contracted COVID-19 and continued to experience side effects. Dkt No. 556.

On May 24, 2023, the District Court denied both Holland's compassionate release motion and his request for counsel. Dkt No. 587 & 588. Specifically, the District Court concluded that Holland had failed to demonstrate an extraordinary and compelling reason for release, and in any event, the 18 U.S.C. § 3553(a) factors weighed against compassionate release. Holland filed a timely notice of appeal from the Court's May 24, 2023 order, and later filed a second notice of appeal from the same order. Dkt Nos. 594 & 596. On appeal, the Government seeks summary affirmance and Holland has moved for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We agree

with the Government that the appeal does not present a substantial question because the District Court did not abuse its discretion in denying Holland's § 3582 motion.

Under § 3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." Before it may grant release or modification, however, the court must consider the sentencing factors under 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

There is no indication that the District Court "committed a clear error of judgment" when it concluded that the circumstances presented by Holland did not amount to extraordinary and compelling reasons that justify release. As the District Court noted, Holland failed to present any current and/or active medical issues that increase his risk of serious complications related to COVID-19. Moreover, his generalized concerns regarding the institution's alleged failure to combat the pandemic are insufficient to constitute extraordinary and compelling reasons. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").[2]

---

[2] In his brief on appeal, Holland appears to argue that he can demonstrate extraordinary and compelling reasons for release based on judicial misconduct and insufficient evidence to sustain his conviction and sentence. That argument was the subject of his September 16, 2022 motion for compassionate release, which was denied by the District Court on June 6, 2023 and is the subject of his appeal at C.A. No. 23-2157. Holland did not raise that argument in his September 23, 2020 motion for compassionate release, which is the subject of this appeal, so we will not consider it.

In any event, even if Holland had shown an extraordinary and compelling reason, we discern no abuse of discretion in the District Court's analysis of the sentencing factors under § 3553(a). *See United States v. Tinker*, 14 F.4th 1234, 1238–39 (11th Cir. 2021) (per curiam) (holding that courts may assume extraordinary and compelling reasons and deny release based on the § 3553(a) factors alone). In concluding that the § 3553(a) factors weighed against relief, the District Court relied on its analysis in its September 7, 2022 order. There, the Court held that Holland was entitled to a sentence reduction from life imprisonment to a sentence of 40 years imprisonment on two counts pursuant to section 404 of the First Step Act but was not entitled to a further reduction based on an analysis of the § 3553(a) factors. *See* Dkt No. 575. In concluding that the § 3553(a) factors weighed against a further reduction, the District Court considered Holland's history and characteristics, including his "sustained history of drug distribution" and the fact that he "employed violence as an integral part of his drug distribution activities"; the seriousness of the offenses; the need to promote respect for the law and provide just punishment for the offenses; and Holland's rehabilitation efforts. *Id.* at 24–35. We cannot say that the District Court "committed a clear error of judgment" with respect to this analysis.[3]

---

[3] We also discern no abuse of discretion in the District Court's decision to deny Holland's motion for the appointment of counsel. *See United States v. Webb*, 565 F.3d 789, 795 n.4 (11th Cir. 2009) (per curiam) (recognizing that a district court may appoint counsel as a matter of discretion).

Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.  Appellant's motion for appointment of counsel on appeal is denied.