**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2764
_____

UNITED STATES OF AMERICA

v.

HARVEY HOLLAND,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-01-cr-00195-006)
U.S. District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 5, 2023
_____

Before:  SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 24, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Harvey Holland appeals the District Court's order granting his motion for resentencing under the First Step Act but declining to sentence him to time served. For the following reasons, we will affirm.

I

A

In 2002, a jury convicted Holland of distribution and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to do so, in violation of 21 U.S.C. § 846.[1] At the time of Holland's crime, each count carried a mandatory minimum term of imprisonment of ten years and a maximum term of life under 21 U.S.C. §§ 841(b)(1)(A) and 846.

Holland's United States Sentencing Guidelines base offense level was determined according to U.S.S.G. § 2D1.1(d)(1), which directs the court to apply the offense level of forty-three set forth in § 2A1.1 if a victim was killed during the defendant's drug trafficking crime under circumstances constituting murder pursuant to 18 U.S.C. § 1111. The sentencing court applied the cross-referenced murder enhancement because the trial testimony proved by a preponderance of the evidence that Holland had committed a murder in furtherance of the drug trafficking conspiracy. Furthermore, although the Court found that Holland was a career offender, it did not sentence him under the career

---

[1] Holland was also charged with causing the death of another through the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(j), but the jury hung on that count and the Government eventually dismissed it.

offender provision because the career offender offense level of thirty-seven was lower than the offense level of forty-three required by § 2D1.1. Holland's offense level of forty-three and his criminal history category of VI resulted in a Guidelines range of life imprisonment and the sentencing court imposed concurrent life sentences on both counts. Holland appealed and we affirmed. United States v. Holland, 76 F. App'x 452, 456 (3d Cir. 2003).

B

In 2019, Holland moved for resentencing under the First Step Act and sought a sentence of time served. The District Court resentenced Holland to consecutive terms of forty years' imprisonment on each count, holding (1) under the First Step Act, each of Holland's convictions now subjected him to a mandatory minimum term of five years' imprisonment and a maximum of forty years, United States v. Holland, No. 3:01-cr-00195, 2022 WL 4102766, at *5 (M.D. Pa. Sept. 7, 2022), (2) Holland's recommended Guidelines range was still life imprisonment due to the application of the cross-referenced murder enhancement, id. at *11, and Holland's objections to the drug weight attributable to him sought to relitigate factual determinations made at his original sentencing, which a court may not do when considering a First Step Act motion, id. at *6-7, *9-11, (3) even though Holland's sentence "did not rely on his status as a career offender," Holland was still a career offender under the Guidelines because Holland's prior New Jersey and Pennsylvania convictions qualified as crimes of violence, id. at *7-

3

9, and (4) the 18 U.S.C. § 3553(a) factors supported the combined statutory maximum eighty-year sentence, id. at *11-15.

Holland appeals.

## II[2]

In 2010, Congress enacted the Fair Sentencing Act, which "lessen[ed] sentencing disparities between convictions involving crack cocaine and convictions involving powder cocaine . . . by, among other things, increasing the amount of crack cocaine necessary to trigger higher statutory minimum sentences (Section 2) . . . ." United States v. Murphy, 998 F.3d 549, 553 (3d Cir. 2021), abrogated on other grounds by United States v. Shields, 48 F.4th 183, 190-92 (3d Cir. 2022). In 2018, the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive. Id. Thus, the district court may now, on motion of the defendant, "impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the . . . offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, 5222.

The First Step Act does not, however, "guarantee anyone a lower sentence." United States v. Hart, 983 F.3d 638, 639 (3d Cir. 2020); 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this

---

[2] The District Court had jurisdiction over Holland's case under 18 U.S.C. § 3231 and jurisdiction to consider Holland's motion under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"Our review over a district court's decision to grant or deny a motion for sentence reduction is typically for abuse of discretion. However, we exercise plenary review when we are presented with legal questions." United States v. Birt, 966 F.3d 257, 259 n.2 (3d Cir. 2020) (citation and quotation marks omitted).

section."). Instead, when evaluating a First Step Act motion, a district court must first determine whether the defendant committed an offense to which the retroactive amendments to the Fair Sentencing Act apply and, therefore, is eligible to be resentenced. See Shields, 48 F.4th at 195. If the district court concludes the defendant is eligible for resentencing, the court must "recalculate [his] . . . Guidelines range . . . to reflect [only] the retroactive application of the Fair Sentencing Act." Concepcion v. United States, 142 S. Ct. 2389, 2402 & n.6 (2022). The district court then has discretion to impose a reduced sentence considering any intervening changes in law and fact since the imposition of the defendant's original sentence. Id. at 2396, 2402 n.6, 2404.

The parties do not dispute that Holland was eligible for resentencing because the statutory penalties for his drug convictions were modified by Section 2 of the Fair Sentencing Act and the First Step Act applies those modifications retroactively. We therefore examine whether the District Court (1) correctly calculated Holland's Guidelines range applying only the retroactive portions of the Fair Sentencing Act, and (2) acted within its discretion in imposing its chosen sentence.

A

The District Court correctly recognized that Holland's recommended Guidelines range was still life due to the murder cross-reference, Holland, 2022 WL 4102766, at *11, but that this range was now capped by statutory maximum terms of forty years' imprisonment on each count, see U.S.S.G. § 5G1.1 (directing sentencing courts to adjust the Guidelines range for any statutory minimum or maximum sentence). A jury found that Holland's drug offenses involved fifty grams or more of crack cocaine. Before the

5

Fair Sentencing Act, this amount triggered a mandatory minimum sentence of ten years and a maximum of life. 21 U.S.C. § 841(b)(1)(A) (2001). The Fair Sentencing Act increased the amount of crack cocaine required to trigger these penalties from fifty grams to 280. Pub. L. No. 111-220, 124 Stat. 2372, 2372. Under the Act, for crimes involving more than twenty-eight but less than 280 grams of crack cocaine, a defendant now faces a statutory mandatory minimum of five years and a statutory maximum of forty years. Id. (revising the qualifying amount of crack cocaine under § 841(b)(1)(B) from five grams to twenty-eight grams). Thus, because each of Holland's convictions now carries a statutory maximum term of forty years, his new Guidelines range is capped at eighty years' imprisonment.

B

We next examine whether the District Court abused its discretion in imposing the maximum eighty-year term of imprisonment. When exercising its discretion to resentence a defendant under the First Step Act, a district court must consider any changed circumstances raised by the parties, Concepcion, 142 S. Ct. at 2404, including (1) "new, relevant facts that did not exist, or could not reasonably have been known by the parties, at the time of the first sentencing," Murphy, 998 F.3d at 555, (2) intervening changes in the law, such as nonretroactive Guidelines amendments, Concepcion, 142 S. Ct. at 2403-04, (3) postsentencing developments, such as rehabilitation, prison misconduct, or health issues, Shields, 48 F.4th at 190, and (4) the § 3553(a) factors, Murphy, 998 F.3d at 555. While it is "not required to be persuaded by every argument [the] parties make," a district court "bear[s] the standard obligation" to "consider the

6

parties' nonfrivolous arguments" and "explain [its] decision." Concepcion, 142 S. Ct. at 2404.

The District Court complied with these requirements. It correctly held that it could not consider Holland's factual objections to (1) the murder cross-reference, and (2) the drug weights attributable to him because the relevant facts in the trial transcript were known to the parties at the time of Holland's first sentencing.[3] Murphy, 998 F.3d at 555. Moreover, the Court acted within its discretion in rejecting Holland's argument that his prior convictions were no longer crimes of violence that trigger the career offender provision, see Shields, 48 F.4th at 191-92 (holding that a resentencing court must consider the defendant's argument that he no longer qualifies as a career offender), because Holland was not originally sentenced as a career offender, and the Court did not treat him as such on resentencing, Holland, 2022 WL 4102766, at *9.

---

[3] To the extent some of our cases may suggest that a resentencing court may consider Guidelines enhancements and calculations for which the original sentencing court did not make any factual findings, see Shields, 48 F.4th at 192 n.7; Murphy, 998 F.3d at 555 n.5, and assuming such a suggestion is consistent with Concepcion, the District Court still did not abuse its discretion in declining to consider Holland's factual arguments and the Court's approach did not violate due process. The original sentencing court made factual findings concerning the murder cross-reference based on its "oberserv[ation of] all of the witnesses," at trial, App. 226, and thus the evidence upon which it relied had "sufficient indicia of reliability" for sentencing purposes. United States v. Miele, 989 F.2d 629, 663 (3d Cir. 1993) (quotation marks omitted). As such, even if the sentencing court did not find facts as to the drug quantity, any error the District Court made in not considering Holland's factual objections to the drug weight was harmless because that calculation did not affect Holland's Guidelines range once the murder-cross reference was applied. Cf. United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008) (explaining that an error is harmless when it is "clear that [it] did not affect the district court's selection of the sentence imposed").

Finally, the District Court adequately considered the § 3353(a) factors. The Court discussed (1) Holland's history and characteristics, including the fact that Holland was abused as a child and used drugs as a coping mechanism, (2) the nature and circumstances of the offense, including Holland's "sustained history of drug distribution," and his use of "violence as an integral part of his drug distribution," and (3) Holland's "educational efforts, employment, medical risks" and family support. Holland, 2022 WL 4102766, at *12-15. We cannot say that no reasonable sentencing court would have agreed with the Court's conclusion that two consecutive forty-year sentences were warranted in light of the need to provide just punishment given Holland's background and serious offenses. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). As such, the Court did not abuse its discretion in imposing an eighty-year term of imprisonment.

### III

For the foregoing reasons, we will affirm.