**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2157
_____

UNITED STATES OF AMERICA

v.

HARVEY HOLLAND,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1:01-cr-00195-006)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on September 21, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed:  October 30, 2023)

_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Harvey Holland appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). The Government has filed a motion to summarily affirm the District Court's order. For the following reasons, we will summarily affirm.

In 2002, a federal jury found Holland guilty of distributing and possessing, with the intent to distribute, 50 grams or more of crack cocaine, as well as a related conspiracy charge. Holland was sentenced to two concurrent life sentences.[1] We affirmed on direct appeal. See United States v. Holland, 76 F. App'x 452 (3d Cir. 2003). Thereafter, Holland filed several unsuccessful motions for post-conviction relief.

In September 2020, Holland filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), arguing that several medical conditions placed him at a higher risk of serious illness from COVID-19. See ECF No. 526. Two years later, in September 2022, Holland filed a "motion under § 3582(c)(1)(a) compassionate release to supplement the record with additional evidence which constitute[s] extraordinary and compelling

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In 2022, the District Court granted Holland's motion for resentencing pursuant to § 404(b) of the First Step Act and resentenced him to two concurrent terms of 40 years' imprisonment. See ECF Nos. 575, 576, 577, & 581. Holland has appealed that judgment, and the appeal remains pending in C.A. No. 22-2764. However, that appeal has no impact on this appeal.

reasons," seeking to add new claims to his September 2020 motion. Specifically, Holland argued that the trial judge's response to a question from the jury influenced the jury to determine that Holland had distributed over 50 grams of crack cocaine, and that the response constituted "judicial misconduct." He claimed that the evidence was insufficient to establish the weight of the drugs and that he accordingly should have been sentenced to a term of 0 to 20 years' imprisonment. See ECF No. 578.

The District Court considered the September 2020 and September 2022 motions separately and issued separate judgments. First, the District Court denied the September 2020 motion, concluding that COVID-19 and Holland's medical conditions were not extraordinary and compelling reasons justifying release and that release was not warranted upon consideration of the 18 U.S.C. § 3553(a) factors.[2] Shortly thereafter, the District Court denied the September 2022 motion, concluding that Holland's lawfully imposed sentence did not create an extraordinary or compelling circumstance warranting release and noting that his sufficiency of the evidence claim had already been rejected by this Court. See ECF No. 591.

The present appeal concerns Holland's September 2022 motion. The Government filed a timely motion for summary affirmance. Holland did not respond to the motion, and the response time has passed.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a

---

[2] Holland appealed that judgment. See C.A. No. 23-2063. However, that appeal has no impact on this appeal.

reduction. We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Although couched as arguments in support of compassionate release, Holland's proffered grounds for compassionate release attack the legal validity of his convictions and sentences, which is "the heart of habeas corpus." See McCarthy v. Bronson, 500 U.S. 136, 141 (1991) (cleaned up). Compassionate release is not a means of avoiding the standards for obtaining relief via successive § 2255 motions or § 2241 petitions. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Brock, 39 F.4th 462, 465 (7th Cir. 2022) (noting that "the compassionate release statute cannot be used to challenge a sentence on grounds the defendant could have advanced on direct appeal"); United States v. Fine, 982 F.3d 1117, 1118–19 (8th Cir. 2020) (holding that a defendant's § 3582(c)(1)(A) motion challenging his sentence amounted to an unauthorized second or successive § 2255 motion).[3] And to the extent that Holland argued that the length of his sentence warranted early release, the

---

[3] Moreover, regarding the sufficiency claim, this Court has previously expressed "that we have no doubt that the evidence permitted the jury to conclude that Holland was responsible for 50 or more grams of crack cocaine." Holland, 76 F. App'x at 456.

District Court correctly highlighted that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." <u>United States v. Andrews</u>, 12 F.4th 255, 260–61 (3d Cir. 2021).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.